## ABERNATHY *vs.* BOAZMAN.

1. A deed which is void as to third persons on account of an adverse holding, is nevertheless valid and binding as between the parties themselves ; and the fact that the vendee was in possession, as tenant of the adverse holder, does not affect the principle.

2. In an action for a breach of covenant of title, evidence that the vendee himself was in possession, as tenant of an adverse holder, at the time his deed was executed, is not admissible for the vendor : the fact that both parties knew of the adverse holding, and that there was no fraud, does not relieve the vendor from the liability to make good his covenant.

. ERROR to the Circuit Court of Lawrence.

Tried before the Hon. JOHN E. MOORE.

THIS was an action of COVENANT by Hugh D. Boazman against John T. Abernathy, for breach of warranty of title to a certain tract of land, which Abernathy had conveyed to Boazman by deed dated June 8, 1843. On the trial, the plaintiff read in evidence his deed from Abernathy, containing the usual warranty of title ; and then offered the record and proceedings had in a certain suit between himself and one William Kyle, showing that Kyle had sued him for this land, and had recovered a judgment against him, on which a writ of *habere facias possessionem* had issued ; he also proved that he had duly notified Abernathy to defend that action. He then introduced one Points, as a witness, who testified, that he, as the agent of said Kyle, had received possession of said land from plaintiff.

On cross examination, said Points stated, "that he had acted as agent for said Kyle, from the year 1839, up to the time of the setting up claim to said land by Boazman, under said deed from Abernathy, which was after said deed ; that up to said claim of title by said Boazman, from the year 1840 inclusive, said Boazman had held possession of said land as the tenant of said Kyle ; that witness acted as agent for said Kyle, and as such had rented said land to said Boazman, and said Boazman had thus held said land in tenancy." The plaintiff objected to this testimony, and moved to exclude it ; " the defendant insisting on said testimony, because it tends to show that Kyle was, by his tenant, said Boazman, in adverse possession of said land at the date of Abernathy's deed to said Boazman ; and because it tends to show that Boazman knew of Kyle's adverse claim and possession against Abernathy ; and because it tends to show that no fraud was practiced by Abernathy on Boazman." The court excluded the testimony, and the defendant excepted ; and this ruling of the court is now assigned for error.

WILLIAM COOPER, for plaintiff in error :

The evidence excluded by the court below should have been admitted ; for, when admitted, it would have shown a state of facts which would have rendered the deed and covenants sued on void, because of the adverse possession at the time they were

made ; the deed and covenant were illegal and champertous ; and being against public policy, each party was in *pari delicto,* and neither could enforce the contract.—Camp. v. Forrest, 13 Ala. 114; Williams v. Hogan, 1 Meigs' R. 187 ; Williams v. Johnson, 5 Johns. 500, 504 ; 3 Metcalf 98. The contract is void at common law, and the statute is corroborative of the common law.—Dexter & Allen v. Nelson, 6 Ala. 68 ; Broadstreet v. Huntington, 5 Peters 402 ; 9 Ala. 418 ; Abercrombie v. Baldwin, 15 Ala. 371 ; 6 Blackf. 99 ; 4 Humph. 218. If the vendee knew that the vendor was out of possession, this excuses performance of contract.—Beck v. Simmons, 7 Ala. 71. Contracts void for part illegal consideration, are void *in toto.*—Ripley v. Yale, 19 Vermont 156 ; 5 Barr. Contracts contrary to common or statute law are void, and no court will enforce them, either in whole or in part.—Wheeler v. Russell, 17 Mass. 258; Hale v. Henderson, 4 Humph. 199 ; Jackson v. Walker, 5 Hill's (N. Y.) R. 27 ; 1 Parsons on Contracts, p. 382, note (a.)

The apparent hardship should not influence the court against Abernathy. The deed shows that Boazman gave $400. for upwards of four hundred acres of land ; and he now asks to keep all but forty acres, and get all the money and more back. Strictly, he should recover nothing.—Corprew v. Arthur, 15 Ala. 525.

There is no difference between a contract void *per se* and *malum prohibitum* ; they stand on the same footing, and no court will aid them.—1 Watts & Serg. 181; 4 Serg. & R. 159 ; 19 Conn. 421; 4 N. H. 290 ; 3 Term R. 418 ; 4 Burr. 2069 ; 8 Barb. 449 ; 11 Iredell 112 ; 14 S. & M. 18 ; 14 Penn. R. 18.

L. P. & R. W. WALKER, *contra :*

1. Adverse possession at the time of the sale avoids the deed only as against the party in possession.—Rawle on Covenants, p. 49 ; U. S. Ann. Digest, 1850, p. 13, § 1. And as between the parties themselves, it is valid, and will not merely operate by way of *estoppel* to the grantor, but the covenants in the deed may be made available to the grantee.—Rawle's Cov., p. 53 ; 9 Johns. 55 ; 9 Wend. 516 ; 2 Hill (N. Y.) 528 ; 15 Wend. 165 ; 10 Mass. 367 ; Co. Litt. 369 ; Cro. Eliz. 445.

That the covenant may be enforced, although the land was held adversely at the time, is shown by those cases which hold, that the covenant of warranty is broken where the covenantee cannot obtain possession in consequence of the land being adversely held at the time of the conveyance.—Rawle's Cov., pp. 220 to 223 ; 6 Ala. 60 ; 7 *ib.* 83 ; 9 *ib.* 85 ; 11 S. & M. 206 ; 12 *ib.* 473. Boazman's knowledge of Kyle's title constitutes no defence for Abernathy.—Rawle's Cov., 123, 124, 125, 527 ; Dunn v. White, 1 Ala. 646 ; 8 Mass. 146 ; 3 Munf. 68.

2. The covenant of seizin is a covenant of ownership, and is broken by the mere existence of an adverse paramount title ; and nothing further is necessary to sustain an action for its breach.—2 Hilliard on Real Property, p. 373 to 382 ; 3 Hill 134. A judgment in ejectment, recovered by a stranger against the covenantee, and an entry under it, with proof that the covenantor had due notice of the pendency of the action, is sufficient evidence of the breach of a general warranty, and actual ouster by writ of possession is immaterial.—2 Green. Ev. § 244 ; 1 Barr 501 ; 4 Binney 352. The fact that Boazman had notice of Abernathy's want of title, is immaterial.—U. S. Ann. Digest, 1848, p. 86, §§ 46, 50 ; 5 Barr 317. A covenantee may be evicted, although he has never been in the actual possession of the land ; if one enter, and hold adversely, it is equivalent to eviction.—Sedgwick on Damages, p. 179 ; 2 Wheat. 46. A covenantor, who has notice of the suit, is not permitted, in a suit against himself on his covenant, to show title in himself at the date of his conveyance.—*Ib.* § 316. Evidence of mistake in describing the boundaries of a deed cannot be given at law.—3 Phil. Ev. 1429, 1449 ; 5 Hill 272 ; 10 Ala. 548 ; 11 *ib.* 187 ; 14 *ib.* 693 ; 15 *ib.* 177. The record of an eviction is conclusive evidence to prove every fact established by it, against a warrantor, or any person bound to indemnify, who had notice of the pendency of the suit.—4 How. (Miss.) 246 ; 7 *ib.* 328 ; 3 Phil. Ev. 817.

CHILTON, C. J.—The principal question in this case for our decision is, whether the deed from Abernathy to Boazman, executed while Kyle, a third party, was in the adverse possession of the land, is void as between the parties to it.

That it is void as to third persons, is too well settled to be

controverted ; but the counsel for the plaintiff in error insists, that it is void as between the parties, and that, if such was not the general rule, it would be void in this particular case, inasmuch as Boazman, the vendee, was the party in possession, as the tenant of Kyle, at the time the deed was made.

We have looked into the cases which bear upon this point, and we are satisfied that the weight of authority is decidedly adverse to the view taken by the counsel for the plaintiff in error.

Judge Kent, in commenting upon this point, remarks : "As the conveyance, in such a case, is a mere nullity, and has no operation, the title continues in the grantor, so as to enable him to maintain an ejectment upon it; and the void deed cannot be set up by a third person to the prejudice of his title." But he adds : " As between the parties to the deed, it might operate by way of *estoppel*, and bar the grantor. The deed is good, and passes the title as between the grantor and grantee ;" and this, he says, is the language of the old authorities, even as to a deed founded on champerty or maintenance ; citing Bro. Tit. Feoffments, pl. 19 ; Fizherbert J., in 27 Hen. VIII, fo. 23 b, 24 a ; Cro. Eliz. 445 ; Hawk. b 1, c. 86, § 3.

The same doctrine is asserted in Jackson v. Demont, 9 Johns. Rep. 55, 60, where it is said to be a principle which runs through the books, that a feoffment upon maintenance or champerty is good as between the feoffor and feoffee, and is only void against him who hath right. The same principle was reaffirmed in Livingston v. Peru Iron Co., 9 Wend. Rep. 510, 516, where Savage, C. J., says, he considered it too well settled to admit of doubt.—See also Den v. Geiger, 4 Halstead N. J. Rep. 225, 235, where the authorities are collected. In Abercrombie v. Baldwin, 15 Ala. Rep. 371, C. J. Collier, in delivering the opinion of the court, incidentally remarks in the argument, " Such a sale, it is said, is void for all purposes, not only as against the adverse possession or title, but as between the parties themselves ;" citing Williams v. Hogan, Meigs' Rep. 187. It may be observed, however, that the case referred to was a decision based on a statute of Tennessee. It is, however, needless to dwell on this point, since we had occasion to examine it at the last term of this court, in the case of Harvey v. Doe, *ex dem.* Harvey and Carlisle, 23 Ala. 637, and there held, that while the deed was void as to third parties whose right was

affected, it was valid as between the parties. It may not be amiss now to add, that the reason for avoiding the deed as to third parties, does not apply as to the parties to the conveyance.

2. The proof made by Points, that Kyle was in possession, by Boazman as his tenant, could not have affected the case in any way, and was properly excluded. Concede that both parties to the deed knew of the adverse claim of Kyle, and that there was no fraud; still, as we have seen the deed is valid *inter partes*, this does not relieve Abernathy from the liability to make good his covenants as to the title.—He assumed the burthen of extinguishing all paramount titles, so as to make that which he attempted to convey available.

Let the judgment be affirmed.