# Yarborough's Adm'r *v.* Avant.

*Bill in Equity to establish Parol Partition of Lands.*

1. *Multifariousness.*—A bill is not rendered multifarious by the joinder of legal and equitable rights, although relief is prayed as to each.

2. *Joinder of heirs and administrator as defendants to bill.*—When the bill seeks to establish and enforce a parol partition of lands, as agreed on between the complainant and a deceased co-tenant in whom the legal title resided, and to enjoin a judgment at law recovered by the deceased, founded on his legal title, the heirs and administrator are properly joined as defendants, being necessary parties, and the bill is not objectionable for multifariousness or misjoinder.

3. *Conclusiveness of judgment, and equitable relief against; parol partition of lands.*—A partition of lands by parol, accompanied by possession according to its terms, is not available at law, in defense of an action by the party who has the legal title, or by his heirs, unless the possession has been continued long enough to effect a bar under the statute of limitations ; but, notwithstanding the judgment, it may be established and enforced in equity ; and possession having been delivered, and the purchase-money paid, the contract is excepted from the operation of the statute of frauds.

4. *Illegal contract; when enforced.*—Although an illegal contract will not be enforced, yet, when the plaintiff's rights can be established and enforced without the aid of the illegal transaction, its illegality does not affect his right to recover.

5. *Conveyance of lands adversely held.*—A sale and conveyance of lands, which are adversely held by a third person, is void as against him, or as against others whose rights may be prejudiced ; but, as between the parties themselves, and others succeeding to their rights, it is valid and operative.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 29th March, 1878, by David F. Avant, against the administrator and heirs at law of Jephtha Yarborough, deceased; and sought to establish

and enforce a partition of a tract of land, as agreed on by parol between complainant and said Yarborough in his life-time, and to enjoin a judgment at law, which the said Yarborough had afterwards recovered for a part of the lands which the complainant held under the partition. The tract of land was a half-section, containing about 320 acres. According to the allegations of the bill, the complainant and said Yarborough jointly bought the land, from Mrs. Eleanor Bishop, in January, 1869 ; and the agreement between them was, that each should have an undivided half interest therein. " At the time of said purchase, some persons were in possession of the said tract of land, each claiming to have an interest in some part thereof separately. Jefferson Gilleland, Thomas Wright, Marion Kelly and Jason Warwick were the persons so in possession, each claiming some portion of said land ; and as there was some doubt as to the title of the said Eleanor Bishop, it was agreed that $640 should be inserted in said deed, as its consideration ; but the same was not in fact paid to her, but she received from said Yarborough an ox and wagon, estimated as worth $60, and complainant paid for the probate of said deed ; and he and said Yarborough were to pay her $320 more for said land, whenever it was made manifest that the title she claimed was good." The title to the land was taken in the name of Yarborough, and a copy of the deed was made an exhibit to the bill. "Immediately after the execution of said deed by Mrs. Bishop," as the bill further alleged, " complainant and said Yarborough commenced operations to get possession of said land under their deed from Mrs. Bishop ; and it was agreed between them that they should equally bear the expenses necessary to get possession thereof, and in the defense of their titles to the same." In their efforts to get possession, several suits were brought, and costs and expenses incurred, of which the complainant alleged he had paid the greater part, the items of which were specified in the bill ; " and in December, 1869, complainant and said Yarborough both acquired and took actual possession of said half-section of land, said Yarborough taking possession of the east half of the north-east quarter, and complainant taking possession of the north-west quarter and the west half of the north-east quarter." In September, 1869, Yarborough executed a deed, " by which he conveyed to complainant an undivided half interest in the whole of said land, and said deed was in your orator's possession ; and it was delivered by him, on the same day, to Mrs. Malinda Yarborough, who was the wife of said Jeptha Yarborough, and the mother of your orator's wife, for safe keeping." Two other suits were brought against.

them to recover the land, which were successfully defended; and of the costs and expenses attendant on these suits, including attorney's fees, the complainant paid the greater part. After the termination of these suits, "said Yarborough and complainant partitioned said land between themselves, and jointly run a fence, as a boundary line between them. By this partition, which was in 1872, Yarborough received the east half of the north-east quarter as his part, and your orator received the other three eighties as his part; and since said partition, so made, each has held exclusive possession of the parts so allotted to him," each paid taxes on his own, and each recognized the title of the other; but there was no settlement of accounts between them, and no deeds were executed in accordance with the verbal and actual partition. In January, 1874, the parties having had a dispute, Yarborough brought an action at law against complainant, to recover the portion of the land of which he had possession; and on the trial of that suit, Yarborough recovered a verdict and judgment, on the ground that his said deed to complainant was only delivered as an escrow. The complainant reserved a bill of exceptions on the trial, and took an appeal to the Supreme Court; but Yarborough died in August, 1875, while the case was pending in that court, and the appeal was suffered to abate. On these facts, the bill prayed that the judgment might be perpetually enjoined, and the partition of the lands established and specifically enforced by the decree of the court.

A formal answer to the bill was filed by the guardian *ad litem* of the infant heirs, and a joint and several answer was filed by the administrator and the adult heirs, in which they incorporated a demurrer, assigning the following as grounds of demurrer: "1. The bill is multifarious. 2. Complainant does not in his bill offer to do equity. 3. Misjoinder of defendants. 4. The bill seeks to establish a parol trust in lands, contrary to section 1590 of the Revised Code. 5. The agreement which the bill seeks to enforce is illegal. 6. The alleged agreement is contrary to public policy. 7. The bill fails to negative the presumption that Yarborough alone is still liable for the unpaid purchase-money, and is entitled to hold the legal title as his security. 8. The bill shows that the complainant has failed to defend a suit at law, solely on account of his own laches, and is, therefore, not entitled to equitable relief. 9. The bill fails to show that any active steps were being taken to deprive complainant of the possession. 10. The bill shows that complainant has not paid the purchase-money agreed to be paid by him, and is not entitled to said lands. 11. The bill shows that the com-

plainant himself is in fault, and has not complied with the contract he sets up.   12. The bill shows that the complainant has paid no portion of the purchase-money of said lands, and fails to show such a state of facts as would make it evident that, upon a statement of accounts between complainant and said Yarborough, the latter would be indebted to him in a sum equal to his part of the purchase-money. 13. The bill fails to show how or why complainant was compelled to pay said Warwick $100, or that the same was a proper charge against the joint account relating to said lands, or that Yarborough did not pay a similar sum, or some other sum, to said Warwick on account.   14. The bill fails to show that the said lawyer's fees, alleged to have been paid by complainant, any or all of them, were proper or legal charges, or were reasonable charges for the services rendered; and fails to show a similar sum was not paid by said Yarborough. 15. The bill shows that the alleged contract, sought to be enforced, was for the sale of land, or of some interest therein, and was by parol.   16. The bill fails to show any state of facts that would raise an implied or constructive trust, such as a court of equity will enforce."

In their answer to the bill, the defendants admitted the purchase of the land from Mrs. Bishop, but denied that the terms of the contract were correctly stated in the bill; and alleged, on the contrary, that it was agreed verbally between the complainant and Yarborough that the latter should purchase the land in his own name, and should let the complainant have one half of it at the same price, and that they should jointly pay the costs and expenses of any litigation, the land being held adversely by other persons; that Yarborough did accordingly buy the land from Mrs. Bishop, taking the title in his own name, paying $100 cash of the purchase-money, and giving his note for $320 as the balance, which he afterwards paid and discharged; that the matters connected with the costs and expenses of litigation were afterwards settled and adjusted between the parties; that Yarborough prepared and executed a deed, conveying one half of the lands to complainant, in anticipation of his complying with the terms of the contract between them, and paying his proportion of the purchase-money, but the deed was never delivered, as he had never complied with the terms of contract; that the terms of the contract were afterwards modified, he agreeing to let complainant have an additional portion of the land, and the fence was run in accordance with this new contract; that Yarborough afterwards brought suit for the land, on account of the complainant's failure to comply with the terms of the contract, and recovered judgment

as alleged in the bill; and that the complainant was not in possession of any part of the land, having removed from it several years before the bill was filed. An amended answer was afterwards filed, alleging that Yarborough's original note for the purchase-money, which had been cancelled, and was produced and made an exhibit to the original answer, was not in fact paid and discharged, as therein alleged, but that the debt was extended, and a new note executed; and that a bill in equity had been filed by Mrs. Bishop, since the institution of this suit, to enforce this note as a lien on the land.

The chancellor overruled the demurrer to the bill, and, on final hearing on pleadings and proof, held "that the complainant is entitled, as between himself and Yarborough's heirs and estate, to have an accounting before the register, touching payments made on account of said lands, under the agreement alleged and proved, as herein above recited; and, upon payment of whatever balance may be found to be due from him, to have the partition of said lands as made confirmed and established, and the title to said 240 acres vested in him, subject, however, to his liability, and the liability of said lands, to Mrs. Bishop, for the original purchase-money remaining unpaid." On the accounting, as stated by the register, it appeared that the complainant had paid about $30 more than his part of the purchase-money, costs and expenses; and his report having been confirmed, the chancellor rendered a final decree, perpetually enjoining the judgment at law, and vesting in the complainant the legal title to that portion of the land allotted to him on the partition between him and Yarborough.

The overruling of the demurrer to the bill, and the final decree on the merits, are now assigned as error.

GUNTER & BLAKEY, for appellants.

THOS. H. WATTS and O. KYLE, contra.

BRICKELL, C. J.—If the bill is subject to the objection of blending legal and equitable defenses to the judgment at law, it is not thereby rendered multifarious. The joinder of equitable and legal rights, although relief may be prayed in reference to each, does not render a bill multifarious, and prevent the court from taking cognizance of the equities and enforcing them.—*Carpenter v. Hall*, 18 Ala. 439.

The whole scope of the bill is to establish the parol partition, had between Yarborough in his life and Avant, founded on the consideration that Avant had more than paid his share of the purchase-money of the lands, and of the expenses of

the litigation of hostile claims asserted to them; and to enjoin the judgment at law in the real action, prosecuted by the personal representative and heirs at law of Yarborough, for the recovery of the part of the lands allotted to him. It is obvious that the personal representative and heirs are necessary parties to the bill, and that relief is not sought against either of them, as to separate and distinct matters, with which the other may say properly he is without concern, connection, or interest.

The parol partition, accompanied by possession, not continued so long that, in a court of law, the statute of limitations would operate a bar to a real action by Yarborough, or his heirs, in whom the legal estate resided, passed to Avant a mere equitable title, of which the court of law, on the trial of the real action, could take no notice. An equitable title only will neither support nor bar a recovery in ejectment, or in the corresponding statutory real action. 1 Brick. Dig. 627, §§ 33–4. The judgment at law, though defense was made to the action, and the complainant attempted to show in himself a legal title, is not an obstacle to the enforcement of the equities which the complainant may have in and to the premises. Judgments are conclusive, and determine only matters of which the court rendering them had jurisdiction, and which were capable of being litigated and determined in the actions in which they may be rendered. They are not conclusive, nor do they determine matters lying without the cognizance of the court. A court of equity will intervene, and confirm a parol partition of lands which is founded on a valuable consideration, when it is attended by possession.—*Hazen v. Barrett*, 50 Mo. 506; Freeman on Co-Tenancy and Partition, § 402. The court proceeds upon the same principle on which bills of peace are entertained, quieting the enjoyment of equitable rights, establishing them by decree, and removing clouds from title. The bill discloses a clear case for equitable possession. Nor is there any room for the operation of the statute of frauds. The agreement between the parties has been wholly executed, save as to conveyance of title. Possession was taken under the agreement, and the purchase-money fully paid. Thus, by the very words of the statute, the agreement is excepted from its operation.

Whether the sale and conveyance of the lands, made by Mrs. Bishop, to Yarborough and Avant, was void, because they were then held adversely, we shall not inquire. If that be true, the equity of the complainant is not involved in, nor does it depend upon, the validity of that transaction. From it he can derive no aid in supporting his claim. That

depends wholly upon the subsequent agreement between him and Yarborough. The test by which to ascertain whether a contract, assailed as illegal, is capable of enforcement, is, whether the plaintiff requires the aid of the illegal transaction to support his case. When his rights can be established without the aid of the illegal transaction, it does not affect them.—*Gunter v. Leckey*, 30 Ala. 591; *Walker v. Gregory*, 36 Ala. 180.

But a sale and conveyance of lands, adversely held, is void only as to the third persons having rights and interests which may be prejudiced. As between the parties, and as to all others than such persons, it is valid and operative.—*Harvey v. Doe, ex dem. Carlisle*, 23 Ala. 637; *Abernathy v. Bozeman*, 24 Ala. 189. It was not an objection to the agreement between Yarborough and Avant, or to the parol partition in execution of it, that the sale and conveyance of the lands by Mrs. Bishop was void as to the adverse possessors of the lands.

The decree rendered does not affect the rights or lien of Mrs. Bishop, as a vendor of the lands. These rights are expressly reserved, and the decree is made subject to them. Beyond this the court could not go in the present cause, to which Mrs. Bishop is not a party. All the purposes of this suit were met when the parol partition was confirmed, and the complainant clothed with the legal title residing in the heirs of Yarborough.

We do not deem it necessary to notice further the assignments of error. We are of opinion they are not well taken.

Affirmed.