# McGriff & Oakley v. Alford.

*Bill in Equity to Subject Lands Fraudulently Conveyed to*

*Claim of Creditors.*

1. *Bill to subject lands fraudulently conveyed to claim of creditors;
when not multifarious.*—A bill in equity is not rendered multifarious
by joining with matter proper for equitable action and relief other
matter cognizable by courts of law; and a bill by a creditor against
his debtor and other defendants, which seeks to subject to the pay-
ment of his claim lands rightfully belonging to the debtor, but which
he has fraudulently had conveyed to the other defendants, is not ren-
dered multifarious by also seeking therein, by appropriate averments,
to charge all the defendants as joint debtors of the complainant—a
matter of purely legal cognizance.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants against
J. B. Alford, Sarah E. Alford and Cornelia Robinson,
who was a sister of Sarah Alford. It was averred in
the bill that for several years prior to 1890, J. B. Alford,
who was a farmer, had obtained advances from the com-
plainants for the purpose of enabling him to raise his
crops for the current year; that in the years 1889 and
and 1890 he got behind with the complainants, and exe-
cuted to them mortgages on his crops and personal
property to secure the payment of his indebtedness;
that in July, 1890, J. B. Alford purchased a tract of
land and at the same time had it conveyed to his wife,
Mrs. Sarah Alford and to Cornelia Robinson; that this
purchase and conveyance was made without the knowl-
edge of the complainant, and that title to the land was
taken in the name of his wife and her sister, for the pur-

pose of hindering, delaying and defrauding the creditors of J. B. Alford. There were many facts averred tending to show fraud in the transactions.

The bill then averred that if Sarah E. Alford and Cornelia Robinson owned all the lands, crops, rents and personal property, as they now claim, and that if J. B. Alford was only their agent in the transactions had with the complainants, such transactions were had with the knowledge of Sarah E. Alford and Cornelia Robinson and were ratified by them, and that they received and obtained all the benefits derived therefrom, and such interest claimed by said defendants was, and could only be, an interest in common with that of the respondent, J. B. Alford, in the crops and rents, and that they were equally bound with him in all debts contracted in furtherance of their common interest, and in support of themselves and families; that if Sarah E. Alford and Cornelia Robinson have any interest in the lands which were purchased by Alford and conveyed to them, it was only an interest in common with that of J. B. Alford who paid the purchase money, and that complainants' claim was an equitable and just charge on their joint estate.

The prayer of the bill was that the lands alleged to have been purchased by the respondent, J. B. Alford, be sold, and that the proceeds thereof be applied to the payment of complainants' debt. The defendant, Sarah E. Alford and Cornelia Robinson, demurred to the bill on the ground that it was multifarious, in that it seeks to condemn as fraudulent the conveyance of certain lands, and at the same time seeks to condemn the said lands to the payment of the same debt averred to have been made and contracted by J. B. Alford, with the consent and authority of these defendants, in such manner as to bind them individually and personally. The chancellor rendered a decree sustaining this demurrer of Sarah E. Alford and Cornelia Robinson. From this decree the complainants appeal, and assign the same as error.

WALKER & REID and J. G. COWAN, for appellants.— The bill is not multifarious. The object of the suit is single and the prayer is for one kind of relief. It seeks to subject to the payment of complainants' demand certain land, the title to which was fraudulently vested in said

[McGriff & Oakley v. Alford.]

Sarah and Cornelia at the instance of complainant's debtor, the said J. B. Alford. Such a bill is not multifarious.—*Burford v. Steele*, 80 Ala. 148; *Mayne v. Griswold*, 3 Sandf. 463. There is no relief prayed as to the averments which are construed by the said Sarah and Cornelia as seeking to hold them personally liable for said debt. "The averment of facts as to which no relief is prayed does not make a bill multifarious."—*Burford v. Steele, supra; Juzan v. Toulmin*, 9 Ala. 662; 4 Abbott's N. Y. Dig. 435, § 45.

W. W. SANDERS, *contra*.

McCLELLAN, J.—The only equity in this bill arises under the statutes authorizing a creditor without a lien to come into the chancery court for the purpose of subjecting to the payment of his debt property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred and conveyed by his debtor. Code, § 3544. The other aspect of the bill whereby it is sought to charge J. B. Alford, Sarah Alford and Cornelia Robinson as joint debtors of the complainants for that the debt was contracted by J. B. Alford nominally for himself alone, but in reality either as the agent of undisclosed principals, the said Sarah and Cornelia, or for himself and them in and about a joint venture or joint tenancy or tenancy in common of the three, presents a matter of purely legal cognizance; if all were liable to the debt on either of the grounds stated, there is no obstacle to an adjudication and enforcement of the joint and several liability by a court of law. A bill cannot be rendered multifarious by joining with matter proper for equitable action and relief, another matter cognizable by courts of law.—*Yarborough v. Avant*, 66 Ala. 526; *Baines v. Barnes*, 64 Ala. 375.

The chancellor, therefore, erred in sustaining demurrers to this bill which proceeded on the ground of multifariousness. The decree is reversed, and a decree will be here entered overruling the demurrer.

Reversed and rendered.