# Rust v. The Electric Lighting Co.

*Bill in Equity to Recover Property Purchased at Foreclosure Sale of Mortgage.*

1. *Mortgage; title to after acquired property carried to mortgagee; when.*—A deed of trust or mortgage which covers certain property and in addition thereto conveys to the trustee or mortgagee other property of a specified kind thereafter to be

acquired by the mortgagor, carries to the trustee or mortgagee a title to such property when so acquired which a court of equity will protect.

2. *Adverse holder; purchaser of mortgaged property at execution sale against mortgagor; when not.*—Where after-acquired property covered by a deed of trust or mortgage is sold under execution against the mortgagor, the purchaser at such sale, having notice of the mortgage, is not an adverse holder as against a purchaser at the sale foreclosing the mortgage, although at such sale he was in possession of the property, claiming it under his purchase at the execution sale, and although he was no party to the foreclosure proceedings.

3. *Confirmation; interlocutory order of; its effect.*—Where the trustee in a deed of trust brings suit to foreclose the trust deed or mortgage and a receiver is appointed to take charge of the mortgaged property, and it is referred to a special master to ascertain what property is covered by the mortgage and what property so covered is in the hands of the receiver; and the master reports certain property as being mentioned in the mortgage, but omits other after-acquired property covered by the mortgage, and which was not in the hands of the receiver, and the report is confirmed by the court, the order of confirmation was only interlocutory and did not limit the power of the court to thereafter by final decree subject the after acquired property to the mortgage debt.

4. *Purchaser; when he gets the after-acquired title of his vendor.* Where a party purchases property and the seller reserves title in himself until the purchase money is paid; and the purchaser before paying the purchase money sells the property and gives a warranty of title to his purchaser, the latter acquires the complete title as soon as the first purchaser pays the purchase money to his vendor.

5. *Mortgagor; purchaser of mortgaged property cannot dispute title of.*—Where a party acquires the possession of property under mortgage from the mortgagor, as his bailee, and afterwards sells the property under execution as the property of the mortgagor; and after this sale the mortgage is foreclosed, and there is a contention between the purchaser at the execution sale and the purchaser at the foreclosure sale, neither one can dispute the title of the mortgagor—he being the common source of title as to both.

6. *Mortgage sale; carries superior title to sale under execution of mortgaged property.*—Where a mortgage is on record at the date of the rendition of a judgment against the mortgagor, and the property embraced therein is sold, first under execution against the mortgagor, and then under a decree foreclos-

ing the mortgage, the purchaser at the latter sale acquires the superior title.

7. *Possession; when not adverse.*—The possession of a chattel by a purchaser at a sheriff's sale, under execution against the mortgagor of the chattel, is not adverse to the mortgagee, so far as ·to invalidate a subsequent sale under the mortgage by the mortgagee.

8. *Maintenance; when rule against does not apply.*—The doctrine that a party was in the adverse possession of property embraced in a mortgage, at the time a bill was filed to foreclose it, and at the time another party became the purchaser of the property, at the foreclosure sale, is without force against the equity of a bill brought by the said purchaser to recover possession of the property. The rule against maintenance does not apply when the sale is what is called a judicial sale, or is made by a public officer under legal process.

9. *Adverse holder; who is.*—Where a party purchases property at a foreclosure sale under a mortgage, and afterwards sells the property to a third party; and the property had previously been sold at execution sale against the mortgagor, the conveyance made by the purchaser at the foreclosure sale was void as against the purchaser at the execution sale—the latter being an adverse holder at the time of its execution—though valid *inter partes.* Hence, notwithstanding the sale by the purchaser at the foreclosure sale, he can maintain suit against . the purchaser at the execution sale to recover possession of the property.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOS. H. SMITH.

Lewis H. Rust brought his bill to compel the Electric Lighting Company to deliver to him certain property described in the bill, and to have the legal title thereto declared to be in the complainant. The facts stated in brief were these: The Mobile & Spring Hill Railway Co executed to the Merchantile Trust Co. a mortgage or deed of trust of all the property, describing it, of the mortgagor in its possession, and also all thereafter to be acquired pertaining to construction, maintenance and operation of said road. The Electric Lighting Co. entered into an agreement with the railroad company to furnish said company with electric power. To carry out this agreement the railroad company obtained two five hundred volt generators and placed them with the Electric Lighting Company. The person selling to the

[Rust v. The Electric Lighting Co.]

railroad company these generators retained the title to secure the payment of the purchase money; but this money was paid after the Lighting Company purchased the property as hereinafter stated.

The Electric Lighting Company obtained judgment against the railway company, and had the generators sold under execution thereon issued, and became at the sale the purchasers. Afterwards the Mercantile Trust Company brought suit in the circuit court of the United States to foreclose its mortgage. Decree was obtained, and the two generators sold with the other property of the company. The complainant became the purchaser, and now sues for the possession and to settle the question of title. The contention was whether the complainant, purchasing at the mortgage sale, or the Lighting Company, purchasing at the execution sale, had the superior title. The chancellor dismissed the bill.

GREGORY L. & H. T. SMITH, for appellant.—The report of the master in chancery was only advisory.— *Kimberly v. Arms*, 129 U. S. 523; *Adkisson v. Dent*, 11 S. W. R. 944; *Lotta v. Kilbourn*, 150 U. S. 540; *Boesch v. Graff*, 133 U. S. 705. (2). Defendant cannot deny the title of the railway company.—Herman on Estoppel, p. 1101; *Dickson v. McLarney*, 97 Ala. 392; *Lehman, Durr & Co. v. Clark*, 85 Ala. 113. (3). No evidence that Rust conveyed the property, but if he did the conveyance was void.—*Mann v. Fairchild*, 14 Barb. 548; *Ashurst v. Peck*, 101 Ala. 499; *Tutwiler v. Atkins*, 106 Ala. 194; *Sibley v. Alba*, 95 Ala. 191.

F. G. BROMBERG, *contra*.—The finding of the master in chancery was an adjudication of all matters within its scope, when confirmed.—2 Dan. Ch. Pr. (6 ed.), Star pages 1215, 1296, 1304; *Sheffield & B'ham Coal &c. Ry. Co. v. Gordon*, 151 U. S. 285.

TYSON, J.—The practical effect of the decision in this case on former appeal was to hold that the facts as alleged in the bill entitled the complainant to relief if proven, unless the defendant by proper defense avoided the effect of the case as made by the bill.—*Electric Lighting Co. of Mobile v. Rust*, 117 Ala. 680.

The first question presented grows out of the proceedings had in the circuit court of the United States foreclosing the deed of trust. It appears that the court in the foreclosure proceeding, at the time of ordering the foreclosure of the mortgage, ordered a reference to a special master to ascertain and report, among other things, "what particular property came into the hands of the receiver and what property and franchises were covered by the mortgage." Under this decree of reference, the special master reported that he had found that there had come into the hands of the receiver, certain property which the report then itemized, but in which itemization, the property in question was not mentioned. In the paragraph of the master's report, following these items, he says: "All of which above described property and franchises are covered by the mortgage."

It will be observed that although the decree of reference was broad enough to direct the master to ascertain and report what property and franchises were conveyed by the mortgage deed, the master only ascertained and reported that certain property, specifying it, had come into the hands of the receiver, and that the property specified by him which had come into the hands of the receiver was conveyed by the mortgage. He did not ascertain and report, whether or not the other property belonging to the mortgagor, in the possession of the respondent at that time, who was asserting a claim of ownership thereto and had declined to surrender it to the receiver, was also conveyed by the mortgage. This report of the master was confirmed by the court. The contention is, and it seems to have been adopted by the chancellor in the court below, that the confirmation of this report conclusively adjudged that only the property itemized therein was conveyed by the mortgage, and this to such an extent as that the circuit court could not afterwards make any valid order or decree, ordering a sale of any property, other than that specifically named in the report, notwithstanding it may have been conveyed by the mortgage. In other words, the confirmation of the report of the master was in effect a final decree affirmatively adjudging that the property in controversy was

not conveyed by the mortgage, which precluded that court at a succeeding term, from ordering a sale of it, and, of course, the purchaser acquired no title, either legal or equitable. In this, we cannot concur. The order of confirmation is merely interlocutory and subject to the court's revision and correction until the final judgment or decree is rendered in the case.—*Adkisson v. Dent*, 11 S. W. Rep. 950; *Kimberly v. Arms*, 129 U. S. 523; *Mosher v. Joyce*, 51 Fed. Rep. 444; *Latta v. Kilbourn*, 150 U. S. 524; *Ward v. Ward*, 21 N. Y. Sup. 795.

In conformity to this view, it would seem that the circuit court did not construe this report as including all property conveyed by the mortgage, for an examination of the final decree discloses, that the court did not confine itself to ordering a sale simply of the property designated in this report, but ordered a sale of all property conveyed by the mortgage, describing the property in the language of the mortgage, and in addition thereto directed the master "to submit with his report a deed which he proposed to make to the purchaser," and that after a confirmation of the report, it further directed that "the purchaser be let into the possession of the property, with all of the rights, privileges and franchises of the Mobile & Spring Hill Railway Company," the mortgagor.

Furthermore, as still evidencing that no such construction was placed upon the report by the circuit court, the master in executing the decree of sale advertised and sold not only the property itemized by the report as being in the hands of the receiver, but all property conveyed by the mortgage, following the description as contained therein, and so reported to the court, submitting along with his report of sale a deed to this complainant which he proposed to execute, containing the same description of the property. The court confirmed this report of sale and ordered the deed to be executed and delivered to the purchaser (complainant), and further ordered that he be let into the possession of all the property described in the deed.

Again, shortly after the making of this deed, the court rendered a decree upon a report of the receiver which, amongst other things, provided as follows: "And it be-

ing suggested and made known to the court, that there is still pending in the circuit court of Mobile a suit instituted by said receiver against the Electric Lighting Company of Mobile, in which is involved two generators and switch-boards and their connections, which said receiver wishes to still prosecute, it is further ordered, adjudged and decreed that the said receiver is hereby granted the authority to still carry on the said suit, if he deems it advisable, but that in all matters and things except the carrying on and the prosecuting said suit, said receiver shall be and he is herein and hereby discharged." Here, we have not only a distinct recognition by the court that the property here involved was conveyed by the mortgage by authorizing its receiver to continue the prosecution of a suit for it against this appellee, but a decree wholly incompatible and inconsistent with the construction placed upon the report of the special master made the basis of his contention for the application of the doctrine of *res adjudicata*.

It will be well to observe that the appellee here was not a party to the foreclosure proceeding in the circuit court of the United States. Our opinion is, that the purchaser, Rust, appellant, as against the parties to that suit acquired the title to the property here involved, and there is nothing shown by the record in the foreclosure proceeding which estops him from asserting it against this appellee.

The next contention of appellee is, that at the date of the mortgage the generators were the property of the General Electric Company, which had sold them to Goodwin & Swift, reserving the legal title until paid for, and that Goodwin & Swift by their conveyance to the mortgagor, conveyed no title, notwithstanding they afterwards paid the General Electric Company and did acquire the title. It appears that in the conveyance made by Goodwin & Swift to the mortgagor, there was a warranty of title. The effect of this warranty was to invest the title in the mortgagor, after its acquisition by them, upon the principle that it enured to the benefit of the mortgagor. But aside from this, the deed from Goodwin & Swift did not become operative until it was acknowledged, nor, indeed, until it was delivered, which

was long after the generators had been fully paid for. So then the mortgagor did acquire the title to this prop· erty from Goodwin & Swift. But whether it did or did not, this appellee having acquired possession of this property from the mortgagor as its bailee, and after- wards having sold and purchased it under execution as the property of the mortgagor, it cannot now be heard to deny the title of the mortgagor. The mortgagor be- ing the common source of title as to both the appellant and the appellee, neither can be allowed to dispute its title. So then under this phase of the case, the simple question is, who has the superior claim or title to the property. The mortgage conveying this property, which was foreclosed, being on record at the date of the rendi- tion of the judgment upon which the execution issued, through which the appellee derives its claim, the pur- chaser, appellant, at the foreclosure sale acquired the superior title.

The only other defense undisposed of, invoked to de- feat the complainant's recovery, is to be found in the fact that Rust (the complainant) made a conveyance of his interest in the property before the filing of the bill. The answer of the respondent avers, that it was in the open, notorious and adverse possession of the property in controversy at the time that the complain· ant purchased it at foreclosure sale, and that it still so holds the same. In fact the bill shows by its averments that the respondent was in the possession of the prop· erty claiming to own it under an execution sale prior to the filing of the bill in the circuit court of the United States for the foreclosure of the mortgage. It also ap- pears that the respondent invoked this defense of ad- verse possession as against the maintenance of the bill by a demurrer, which was disposed of on the former ap- peal in this case in this manner: "It is well settled that the possession of a chattel by a purchaser at sheriff's sale, under execution against the mortgagor of the chat- tel, is not adverse to the mortgagee, so far as to invali- date a subsequent sale under the mortgage by the mort- gagee. The doctrine invoked by the 3rd and 14th grounds of the demurrer, that the defendant was in the adverse possession of the property in question, at the

14

time the bill to foreclose the mortgage was filed, and at the time the complainant purchased at the foreclosure sale, is without force against the equity of the bill. The rule against maintenance does not apply when the sale is what is called a judicial sale, or is made by a public officer under legal process."

But the adverse possession of the respondent would defeat a recovery sought by the complainant's vendee. That conveyance was void as against the respondent, being an adverse holder at the time of its execution, though valid *inter partes.*—*Abernathy v. Boazman,* 24 Ala. 189; *Thompson v. Marshall,* 36 Ala. 504. The conveyance, at best being merely a transfer of a right of action, did not confer upon the complainant's vendee as against respondent any title to the property.—*Goodwyn v. Lloyd,* 8 Port. 237; *Foster v. Gorce,* 5 Ala. 424; *Price v. Talley's Admrs.,* 18 Ala. 21; *Sibley v. Alba,* 95 Ala. 191; *Yarborough v. Avant,* 66 Ala. 526.

The suit was properly brought by the complainant and can be maintained by him, notwithstanding his conveyance to a third party of the property, for the reason, as we have stated, the conveyance made by him was void as against this respondent.

It results from what we have said that the decree of the court below must be reversed and a decree will be here rendered granting the complainant the relief prayed for; and an order will here be made directing the register to ascertain the reasonable value of the use of the property during the time of its detention by the respondent, and report to the next term of the chancery court.

Reversed, rendered and remanded.