# Alexander *et al. v.* Chapman, *et al.*

*Bill in Equity to remove Administration of an Estate into the Chancery Court and for a Final Settlement.*

1. *Chancery pleading; finality of decree.*—A bill was filed to remove the administration of a decedent's estate into the chancery court, and to have an accounting there by the executor and a final settlement of the estate. Upon submission for final decree on pleadings and proof, a decree was rendered granting the relief prayed for. This decree, after settling the equities, went further and ordered a reference to be held by the register to take and state an account between the estate and the exe-

30

cutor, containing directions of the manner of stating the account. In pursuance of this decree, the register stated the account and made his report to the court. Exceptions to the report were taken by both the complainants and the respondents. Upon the submission of the report of the register, a decree was rendered sustaining the complainant's exceptions and two of the exceptions taken by the respondents and overruling all other exceptions taken by the respondents. The decree then proceeded to ratify and confirm the register's report, except the part to which exceptions had been sustained. This decree then proceeded to order that the said report of the register is again referred to the register, and he is ordered to restate the account of the executor contained in said report, so as to conform in the particulars named to the rulings of the court set forth in said decree. There were then directions as to tne method and manner of restating the account. From this decree an appeal was taken. *Held*: That said latter decree was not a final decree in any sense which will support an appeal, but was an interlocutory decree from which no appeal is authorized.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. WILLIAM H. TAYLOE.

The facts of the case are sufficiently stated in the opinion.

JOHN WHITE and H. S. D. MALLORY, for appellants. The judgment of a court of competent jurisdiction rendered on the merits of a cause is final and conclusive of the matter involved.—*Tankersley v. Pettis,* 71 Ala. 179, 186; *Strong v. Moog,* 72 Ala. 460. This principle is applicable to a settlement by an administrator of his accounts in the probate court. The case of *Waring v. Lewis,* 53 Ala. 615, is directly in point. Also see *Hutton v. Williams,* 60 Ala. 137; *Gamble v. Jordan,* 54 Ala. 432.

PETTUS & PETTUS and A. P. YOUNG, *contra.*

McCLELLAN, C. J.—The bill in this case was filed by Susan J. Chapman and others against John D. Alexander and others. The object of the bill and its prayer is to remove the administration of the estate of Joseph M. Alexander, deceased, into the chancery court, and to

have an accounting there by the executor and a final set-
tlement of the estate. John D. and Dewit C. Alexander,
two of the three persons nominated as executors by the
will of Joseph M. Alexander duly probated the same and
qualified as such executors, but Dewit C. took no active
part in the administration, and soon after died, leaving
John D. as sole executor. Upon submission for final de-
cree on pleadings and proof, a decree was rendered
January 7th, 1887, removing the administration into the
chancery court and for an accounting by the executor
and settlement of the estate. This was an adjudication
of the equities involved in favor of the complainants,
and hence was such final decree as would support an ap-
peal. An appeal was taken from this decree and it was
affirmed by this court. This decree of January 7th,
1887, after settling the equities thus in favor of the
complainants, went further and decreed that a refer-
ence be held by the register to take and state the ac-
count between the estate and the executor, and contained
directions as to the manner of stating the account. The
register pursuant thereto did take and state the ac-
count, and made his report to the court on March 9th,
1896. Exceptions to the report were taken both by the
complainants and by the respondent, John D. Alexan-
der; and thereupon the cause was submitted "for decree
on the report of the register * * * and the excep-
tions filed thereto by complainants * * * and by
the respondent John D. Alexander, and held up by con-
sent of parties for decree in vacation or at the next
term." Upon this submission a decree was rendered on
September 15th, 1896, sustaining all the exceptions
taken by complainants, and the fourth and in part the
thirteenth exceptions taken by John D. Alexander, and
overruling all other exceptions taken by said Alexander,
and ratifying and confirming the register's report "ex-
cept the parts to which exceptions have been herein above
sustained." The decree then proceeds: "That the said
report of said register is hereby again referred to said
register and that the said register is ordered to restate
the account of the said John D. Alexander contained in
said report so as to conform in the particulars named in
this decree to the rulings of the court herein above set

forth." The decree then goes on further to direct the
register "after he has restated said account in conform-
ity with this decree to ascertain and report the name
of each person entitled to distribution to any part of
the estate of the said Joseph M. Alexander, and in
what right, whether such person is a minor of full age,
how each is related to the said J. M. Alexander, and the
exact part to which each of said persons is entitled after
allowing said John D. Alexander all just credits and
offsets, and in so doing he will report which of the said
devisees, legatees or heirs of the said J. M. Alexander
or of those claiming under them have filed disclaimers
of any right or claim of recovery in this case, or have
given to said executor discharges or releases, or have
otherwise made settlement with him, and which of them
have since died, and whether his or her heirs are entitled
to distribution in said estate. The register will also as-
certain and report whether the note of eleven hundred
dollars given by D. C. Alexander now deceased to Jo-
seph M. Alexander, now deceased, and with which the
said John D. Alexander was charged in the register's re-
port in this cause, was charged against the estate of the
said D. C. Alexander in said John D. Alexander's set-
tlement thereof in the probate court of Marengo county,
or in any way taken into account therein, or has in any
way been paid by the said estate of D. C. Alexander, or
the distributees or legatees thereof, or by those claiming
under them; and the question whether the said note or
the amount thereof as charged against said John D.
Alexander in the register's report filed in this cause,
or any or what part thereof should be credited to him,
said John D. Alexander on his settlement in this court
of the estate of Joseph M. Alexander as between him
and the distributees and legatees of the estate of D. C.
Alexander, or those claiming under them, or charged
against said legatees or distributees, is reserved till the
coming in of said report. But no more oral evidence
shall be taken in this cause except by consent or leave
of court." There is a further direction that the register
ascertain and report what would be proper compensa-
tion for the guardian *ad litem* of certain minor respond-

ents; and then the decree concludes as follows: "And this cause is held up for decree on said report of said register (so to be made) either in term time or vacation." This is the decree from which the present appeal is prosecuted. It is clear, we think, that it is not a final decree in any sense, and will not support the appeal. It is an interlocutory decree from which no appeal is authorized. It is indeed a mere decree of reference to the register to take and state the account against John D. Alexander as executor of the estate of Joseph M. Alexander. While it in terms "ratifies and confirms" the report of the register except the parts to which exceptions are specially sustained, the whole report is expressly referred back to the register and he is directed to retake and restate the account anew in accordance with the court's rulings on the exceptions, and new matters are submitted having a bearing upon the account, so that the language of the decree as to ratifying and confirming parts of the report imports no more than an expression of the court's opinion that the register acted correctly in respect to those parts, involving a mere direction to him to pursue the same course as to them on the new reference. There is no ascertainment in the decree of the amount chargeable against John D. Alexander. There is no decree against him for any amount. There is similarly no ascertainment of what is due the complainants, or any other distributees or legatees nor any decree in favor of anybody for any amount. The primal equities of the case having been settled by the decree of January 7th, 1887, they were not involved on this submission and this decree has no bearing upon them. The decree is, we repeat, on its face palpably a mere decree of reference to the register to take and state the account against the executor, and to ascertain who are entitled, and in what part severally, to participation in the fund he may be ultimately adjudicated to pay; and it involves no element of finality. Moreover, had the report of the register been in all things confirmed without more, without a money decree against the executor for the amount reported against him and in favor of the complainants and the other distributees and legatees for the sums due them,

it would still have been an interlocutory decree subject to the chancellor's revision at a subsequent term, and therefore incapable of supporting an appeal to this court.—*Rust v. Electric Lighting Co.,* 124 Ala. 202.

Upon the foregoing considerations this appeal must be dismissed.