# Berry *et al.* *v.* Tennessee & Coosa Railroad Company.

### *Bill in Equity for Partition of Lands.*

1. *Bill by tenant in common for sale of lands for division; amendment asking for partition no departure.*—Where a bill filed by a tenant in common avers that the lands owned by the complainant and the defendant can not be equitably divided by metes and bounds, and prays that the same be sold and the proceeds thereof divided between the co-tenants, an amendment to such bill by striking out the averments that the lands can not be equitably divided, and amending the prayer by asking that the lands be partitioned in kind be-

[Berry *et al.* v. Tennessee & Coosa Railroad Company.]

tween the tenants in common, is not a departure from the original cause of action as stated in the original bill, and is not subject to demurrer on that ground.

2. *Same; when proper party to such bill.*—A bill in equity asking for the partition of lands was filed by one who formerly owned an undivided interest in said lands, and who now "sues on behalf of" one H. After setting out the manner in which the complainant acquired its title to the undivided interest in the lands described and sought to be partitioned, it was averred that the complainant, prior to the filing of the bill, executed a deed conveying its one-half interest in said lands to one C., and that C. died leaving H. his sole heir at law; that at the date of the execution of said deed the respondent, who was the owner of the other undivided one-half interest, had previously ousted the complainant from the possession and enjoyment of its interest in said lands, and was in the adverse possession of the same, claiming to be the owner of the interest in said lands under color of title. *Held*: (1.) That such suit was in the nature of an equitable action of ejectment and that by reason of the alleged adverse possession of the lands by the defendant co-tenant, the suit was properly brought by the complainant, out of whom title to the undivided one-half interest to said lands never passed by said conveyance; (2.) That the statement that the suit was brought by the complainant "in behalf of H.", does not make the suit brought by said H.; the words "who sues in behalf of," etc., being mere surplusage.

APPEAL from the City Court of Gadsden in Equity.

Heard before the Hon. JOHN H. DISQUE.

The appeal in this case was prosecuted from a decree overruling demurrers interposed by the defendant who were respondents, to a bill filed by the appellee, the Tennessee & Coosa Railroad Company. The facts of the case are sufficiently stated in the opinion.

BURNETT, HOOD & MURPHREE, for appellant.—In chancery it is not allowable to bring a suit in equity in the name of one person for the use of another: It is a general rule that a suit in equity must be brought by the real party in interest in his own name.—15 Ency. of Pl. & Pr., 664 and note; *Field v. McGhee,* 5 Paige, 539; *Rogers v. Howard Tus. Co.,* 6 Paige 581; *McCloskey v. O'Brien,*

[Berry *et al.* v. Tennessee & Coosa Railroad Company.]

16 W. Va., 791; *Kellam v. Sayer*, 30 W. Va. 198; *Haskell v. Hilton*, 30 Me. 419; *Kitchens v. Harrall*, 54 Miss. 474; *Elder v. Jones*, 85 Ill. 384.

The true test in determining whether an amended bill works a departure seems to be this: "Is the amended bill inconsistent with or repugnant to the prayer and purpose of the original bill?"—*Winston v. Mitchell*, 93 Ala. 559; *Truss. v. Miller*, 116 Ala. 504; *Gardner v. Knight*, 124 Ala. 273; *Scott v. Ware*, 64 Ala. 186; *Rapier v. Paper Co.*, 69 Ala. 476; *Glass v. Glass*, 76 Ala. 369; *Parsons v. Johnson*, 84 Ala. 254; *Park v. Lide*, 90 Ala. 246; *Mobile S. Bank v. Burke*, 94 Ala. 125; *Baker v. Graves*, 101 Ala. 247.

AMOS E. GOODHUE, *contra*.—The bill was originally a bill seeking a sale for division among co-tenants. By amendment it became a bill for partition by metes and bounds. That this amendment was allowable, see *Fitc v. Kennemar*, 90 Ala. 470; *Watson v. Godwin*, 4 Md. Chan. 25.

In order to be condemned on the ground of repugnancy, the inconsistency must relate to the purposes of the bill, as contradistinguished from a mere modification of the relief sought. 1 Ency. of Pleading and Prac. 477.

The amended bill shows that the Tennessee & Coosa R. R. Co. acquired the title to an undivided one-half interest in the land, and Fannie Berry acquired the title to the remaining one-half intrest. Fannie Berry ousted her co-tenants. Thereafter while the property was held by Fannie Berry under color of title and claiming the entire estate in the land adversely the Tennessee & Coosa R. R. Co. conveyed to Hugh Carlisle, ancestor of Anna J. Henderson. It is manifest that this deed was void as to Fannie Berry but good as between the parties to it.—*Bernstein v. Humes*, 60 Ala. 602; *Stringfellow v. T. C. I. & R. R. Co.*, 117 Ala. 250.

TYSON, J.—The original bill was filed by the Tennessee & Coosa Railroad Company against Fannie M. Berry, alleging that each owned an undivided one-half

interest in certain lands described; that said lands could not be equitably divided by metes and bounds, and prayed that the same be sold and proceeds divided. Upon a demurrer being sustained to it, the complainant was allowed to file a substituted bill by way of amendment. This amended bill is filed by the same complainant "who sues on behalf of Anna J. Henderson" and is exhibited against Anna J. Henderson and Fannie M. Berry. After setting forth the manner by which the complainant railroad company acquired its title to a half interest in the lands described and sought to be partitioned, it is averred that the railroad company executed a deed conveying its said one-half undivided interest in said lands to one Carlisle who afterwards died leaving Anna J. Henderson, his sole heir at law; that at the date of the execution of said deed, the respondent Mrs. Berry, having previously ousted the said railroad company from the possession and enjoyment of its interest in said lands, was in the adverse possession of the same claiming to be the owner of that interest under color of title.

The prayer is for a partition of said lands by metes and bounds etc. and not for a sale.

It is objected by Mrs. Berry that this amendment was improper for three reasons: First, that it is a departure from the original cause of action; second, that it wrought an entire change of parties, and third, that the railroad company has parted with its title. These objections were raised in the court below by demurrer and constitute the main contention here.

The purpose of both the original and amended bill was a partition of the lands—to separate the respective shares, either by having the lands partitioned in kind or to have the tract sold and its proceeds divided. It is true that in order to have them sold the averment must be made that they cannot be equitably divided—an averment not necessary for a partition in kind. But this fact does not alter the general purpose sought to be accomplished, to-wit: a partition of the lands either in kind or of the proceeds arising from the sale of them. The difference is in the relief rather than in the purposes of the bill as amended. In order to condemn an amend-

ment on the ground of inconsistency or repugnancy, the inconsistency or repugnancy must relate to the purposes of the bill as contradistinguished from a mere modification of the relief sought.—*Caine v. Gimon*, 36 Ala. 168; *Ingram v. Foster*, 31 Ala. 123; 1 Ency. Pl. & Pr. 477. Indeed we can perceive no good reason why a bill in equity for partition may not be framed in the alternative —to have the land partitioned, but in the event it cannot be equitably divided, to be sold, The authority for so framing a bill may be found in 15 Ency. Pl. & Pr. 802, where it is said: "A bill for partition is not multifarious because it prays that in case the premises cannot be divided, they shall be sold and the proceeds divided." See also *Claude v. Handy*, 83 Md. 225; *Watson v. Godwin*, 4 Md. Chan. 25.

The present suit is in the nature of an equitable ejectment and it is necessary that the complainant should by averment, show title.—*Ormond v. Martin*, 37 Ala. 598; *Horton v. Sledge*, 29 Ala. 478. Indeed it is required of complainant that it should show a clear title to an undivided interest in the lands sought to be partitioned.— *Arnett v. Bailey*, 60 Ala. 435; *Russell v. Beasley*, 72 Ala. 190. The fact that when the complainant railroad company undertook to part with its title to Carlisle, Mrs. Berry was in the adverse possession of the lands, rendered the conveyance, as against her, void and inoperative. And as between the railroad and her, the title to the lands attempted to be conveyed never passed and is still in the company. The conveyance, at best being merely a transfer of a right of action, did not confer upon Carlisle as against the respondent, Mrs. Berry, any title to the lands, although valid *inter partes*. This being true the railroad company is the proper party to maintain the suit and not Mrs. Henderson.—*Rust v. The Electric Lighting Co.*, 124 Ala. 202. And the statement in the amended bill that the suit is brought by the railroad company "in behalf of Anna J. Henderson" does not change the suit into one by Mrs. Henderson. The railroad company is still the complainant and the sole party complaining. The words "who sues in behalf" etc. are

mere surplusage.—*Dane v. Glennon,* 72 Ala. 160;*Caldwell v. Smith,* 77 Ala. 157.

The demurrer to the amended bill was properly overruled.

Affirmed.