# Gipson *v.* Knard.

*Action to Recover Money Collected on Lottery Ticket.*

96 419
d130 313

1. *Lotteries; action to recover money collected on lottery ticket.*—Where the plaintiff and the defendant were joint owners of a lottery ticket, and the defendant collected the amount of a prize drawn by the ticket, the claim of the plaintiff against the defendant for his share of the amount thus paid did not accrue from a violation of the statutes (Code, §§ 4068, 4069) against setting up or carrying on lotteries, or selling lottery tickets, or gift-enterprise tickets, &c.; and the plaintiff may recover his share of the amount so paid to the defendant in an action of assumpsit.

APPEAL from the District Court of Colbert.
Tried before the Hon. W. P. CHITWOOD.

JACKSON & SAWTELLE, for appellant, cited *Owen v. Davis,* 1 Bailey (S. C.) 315.

KIRK & ALMON, *contra.*

COLEMAN, J.—The action is assumpsit, and brought to recover one thousand dollars. The facts averred in the complaint are, that plaintiff and defendant were joint owners of a lottery-ticket held against the New Orleans Lottery; that the ticket drew two thousand dollars, which sum was paid over to the defendant, one-half for his own use, "and one-half for the use of plaintiff; and that one-half, to-wit, one thousand dollars, was received by the defendant for the plaintiff's use." The defendant demurred to the complaint, on the grounds that "the money was collected on a lottery-ticket, and the alleged transaction was illegal and prohibited by the laws of Alabama;" and on the further ground, "that the claim or cause of action originated in a lottery enterprise, and was in violation of sections 4068 and 4069 of the Criminal Code of Alabama." The court sustained the demurrer, and the plaintiff declining to amend, his suit was dismissed out of court.

The sections of the Code referred to read as follows: Section 4068—"Any person who sets up, carries on, or is concerned in setting up or carrying on, any lottery or device of the like kind, or who sells, or is interested or concerned in selling, any tickets or shares in such lottery, must, on conviction, be fined," &c. Section 4069—"Any person who sells or disposes of any lottery or gift-enterprise tickets, or tickets in any scheme in the nature of a lottery, or who receives money, or takes an order for any lottery or gift-enterprise ticket, or for any ticket in any scheme in the nature of a lottery, or who acts for or represents any other person in selling or disposing of any such ticket, must, on conviction, be find," &c.

We do not think the ruling of the court can be sustained. The relation of the plaintiff and defendant to each other as joint owners of a lottery-ticket in no way contravenes the provisions of these sections. The suit is not to enforce a contract in which the lottery itself, or an agent of the lottery, is interested. The statute is directed against those who "set up, carry on, or are concerned in setting up, or carrying on, a lottery or device of like kind, or who sell, or are interested or concerned in selling, tickets or shares in the lottery, or disposes of lottery or gift-enterprise tickets, or schemes in the nature of a lottery, or who receives money or takes an order for any lottery or gift-enterprise ticket . . or who acts for or represents any other person in selling or disposing of such tickets," &c.

There is no averment of fact in the complaint which in any manner shows that plaintiff's claim, as against the de-

[Owen v. Kilpatrick.]

fendant, to the money, accrued from a violation of the statute by either of the parties.—*Salomon v. The State*, 28 Ala. 87. If such were the facts, the question might be presented by a plea, but cannot be raised by demurrer to the complaint as framed.  According to the averments of the complaint, the money sued for never belonged to the defendant.  It was paid over to him for and on account of the plaintiff, and it was in this capacity that the defendant received it.  A third person who has received money for the use of another can not withhold and appropriate it to his own use on the ground that it arose out of an illegal transaction between the payer and claimant.—2 Chit. on Con. 918; 1 Pom., § 403, and note. Such a principle can find no support in law or morals, and its invocation but scantily conceals the fact that selfishness, rather than a desire to promote public morals, prompted the defense.  The court erred in sustaining the demurrer to the complaint.

Reversed and remanded.