# Spottswood *v.* Bentley.

*Action for Money had and received.*

1. *Contract; unenforceable when against public policy.*—Where the owner of property in this State, which was destroyed by the Federal forces during the war between the States, enters into an agreement with a third party who has no interest in the property so destroyed, in which it is provided that said third party shall make a claim against the government in his own name, and if anything was recovered upon said claim it should be equally divided between said third party and the owner, such agreement is contrary to public policy and void; and upon the party making claim against the government receiving the amount allowed, the owner of the property can not maintain an action to recover one-half of the amount so received in accordance with such void contract.

APPPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellant, Martha A. Spottswood, against the appellee, Alex. J. Bentley, to recover for money had and received. The cause was tried upon issue joined on the plea of the general issue.

The evidence showed the following facts: During the second year of the civil war, certain growing crops of the plaintiff, or grown on her land, were destroyed by the Federal army. Several years after the close of the war, her husband, Edwin Spottswood, acting as her agent, had a conversation with Bartley Harris, colored, now deceased, but formerly a slave belonging to plain-tiff, and in said conversation it was agreed that a claim

[Spottswood v. Bentley.]

for this property was to be put in against the United States by and in the name of Bartley Harris, and whatever was realized therefrom was to be equally divided between Harris and plaintiff. The claim was put in in Bartley Harris' name and was allowed after Harris'. death; $1,020 being paid thereon, of which Harris' attorneys received $510, and $510 was paid to A. J. Bentley, who was administrator of Harris' estate. Bentley was notified by plaintiff, Mrs. Spottswood, and her son of plaintiff's share, interest in, or claim upon one-half of this money, before he was appointed administrator and afterwards. He collected it as administrator. After the claim was allowed and before it was paid, the government, hearing that plaintiff claimed an interest in it, had the matter investigated. On this investigation Mrs. Spottswood testified to her agreement with Bartley Harris, the same as that agreement is shown by her evidence in this case. Thereafter the government paid the money. Bartley Harris often, after the agreement was made with Edwin Spottswood, admitted having made this agreement—such admission being made both to Mrs. Spottswood and her son—and always promised that if he ever got anything she should receive half of it. This suit was brought to recover half of the $510 paid to Bentley, as administrator, namely, $255. The other facts of the case are sufficiently stated in the opinion.

The cause was tried without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the defendant. From this judgment the plaintiff appeals, and assigns the rendition thereof as error.

HUMES, SHEFFEY & SPEAKE, for appellant.—The contract between Bartley Harris and Mrs. Spottswood was not void as against public policy.—*Gipson v. Knard*, 94 Ala. 419; *Tenant v. Elliott*, 1 B. & P. 3; *Farmer v. Russell*, Ib. 295; *McBlair v. Gibbs*, 17 How. 236; *State v. R. R. Co.*, 34 Md. 344; *Bonsfield v. Wilson*, 16 M. & W. 185; *Haack v. Knights*, 76 Md. 429; *Daniels v. Barney*, 22 Ind. 207; *Peters v. Grim*, 149 Pa. St. 165; *Brooks v. Martin*, 2 Wall. 70.

R. W. WALKER, *contra.*—The alleged contract with Bartley Harris was void and unenforceable. . It was simply a scheme for Bartley Harris to . claim as his property that in which he had no interest at all, to re-cover damages from the United States for its destruc-tion and pay one-half of the recovery to the real owner. An agreement to defraud the government can not be a valid contract.—Bishop on Contracts, §§ 477, 524; *Elgee Cotton Cases,* 22 Wall. 186; *Daily v. Daily,* 66 Ala. 266; *Lockhard v. Barton,* 87 Ala. 189; *Levinshon v. Edwards,* 79 Ala. 293.

HARALSON, J.—The evidence discloses an agree-ment between the plaintiff and one Bartley Harris, a slave who belonged to her prior to and during the civil war, and of whose estate the defendant, who is sued in-dividually, was the administrator; under which agree-ment said Bartley Harris, who had no interest, was to put in a claim,—the war having ended,—against the Government of the United States, for corn which be-longed to the plaintiff, and was taken away and de-stroyed by the Federal forces during the war. The agreement as shown was, that said Bartley should make the claim in his own name, and if anything was gotten on it, it was to be equally divided between said Bart-ley and plaintiff, each to receive half of what was real-ized. The claim, under this agreement, made by said Bartley was for $1,020, represented by attorneys, who successfully prosecuted it, and the same was paid to them in full, one-half of which they retained as fees, paying the other half,—$510,—to defendant, as admin-istrator of said Bartley, who died before the claim was allowed and paid.

No claim was made by the plaintiff and her husband, because, as she testified, "We thought it would be a hin-drance to Bartley in getting it. They [the Federal au-thorities] were so much more in favor of the darkies than they were of the white people." These facts show that the claim as made was fictitious, a fraud on the government, which necessitated in the prosecution of the same, false statements, if not oaths, at least on the

part of the claimant. In *Tool Company v. Norris*, 2 Wall. (U. S.) 45, it was said: "All agreements for pecuniary consideration to control the business operations of the Government, or the regular administration of justice, or the appointments to public office, or the ordinary course of legislation, are void as against public policy, without reference to the question, whether improper means are contemplated or used in their execution. The law looks to the general tendency of such agreements; and it closes the door to temptations, by refusing them recognition in any of the courts of the country."

The true test "by which to ascertain whether a contract, assailed is illegal, is capable of enforcement, is, whether the plaintiff requires the aid of the illegal transaction to support his case."—*Yarborough v. Avant*, 66 Ala. 526; *Planters' Bank v. Union Bank*, 16 Wall. 483, 499, 500. Without the aid of this illegal contract, the plaintiff has no right or title whatever to the money paid by the government to the defendant. Had she stopped short of the proof of this agreement, no case whatever could have been made in her behalf.

The case of *Gipson v. Knard*, 96 Ala. 419, is plainly distinguishable from this case. There the plaintiff and defendant were joint owners of a lottery ticket which drew a prize. The entire sum was collected by defendant, who refused to pay the plaintiff his share. It was made very clear in the opinion in that case, that the statute against lotteries was not directed against the purchase or ownership of lottery tickets, and that in the purchase and ownership of a ticket on joint account, the parties had not violated the statute against setting up or carrying on a lottery, or selling or disposing of lottery tickets. But here, the parties were each guilty of entering into a contract violative of public policy. Nor does the principle asserted in the case last referred to,—that a third person who has received money for the use of another, cannot withhold and appropriate it to his own use on the ground that it arose out of an illegal transaction,— apply in this case. This principle has application when a third party receives money in some sort of fiduciary capacity to be held for and paid over to another, it be-

ing immaterial whether the party who thus paid the money, was legally bound to do so or not. It is enough, if the party receiving the money has gotten possession of it under a trust; and in order for its recovery by the party for whose use and benefit it was paid, it is only necessary to show that the money was received for and on account of the plaintiff. The illegal contract which induced the payment for and on account of another, if such was the case, is not necessary in aid of a recovery. In this case, the government which paid the money was not a party to the illegal contract, but the party against whom its illegal character was directed. The defendant received the funds, not as a third party, for and on account of the plaintiff, but solely because of his representative capacity to said Bartley Harris, the other party to the illegal contract, and as assets of his estate. Were said Harris the defendant in this action, the invalidity of the contract would prevent a recovery against him. The defendant, sitting in his place and holding the money as assets of his estate, is entitled, as a matter of course, to the same defense. These views result in an affirmance of the judgment, without reference to other questions raised and discussed.

Affirmed.