# Cunningham *v.* Milner.

*Statutory Action of Detinue for Mule.*

1. *When parol evidence is admissible to vary consideration expressed in writing.* When a mortgage, or other written instrument, is offered in evidence against a stranger, he may show by parol that it is without consideration, or that the consideration was variant from that expressed in it: only the parties to the instrument, and their privies, are within the general rule which excludes such parol evidence.

2. *What constitutes estoppel en pais.*—The failure or refusal of a person, having possession of personal property, to disclose the nature of his claim, on the demand of a party asserting an adverse right, while it may be important in determining whether his claim is fair and just or fictitious, can not estop him from asserting his claim against the person making such demand.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by James Cunningham, against

Elisha C. Milner, to recover a mule, with damages for its de-
tention; and was commenced on the 14th July, 1873. The
plaintiff claimed the mule under a mortgage executed by Ira
W. Stott to J. R. Stott & Co., which was regularly assigned
by said mortgagees to J. J. Melton & Co., and by them to
the plaintiff, and which is hereinafter more particularly de-
scribed. The defendant pleaded—"1st, *non detinet;* 2d, fail-
ure of consideration of the mortgage on which plaintiff re-
lies to sustain his action; 3d, outstanding title;" and issue
was joined on each of these pleas.

On the trial, as the bill of exceptions shows, the plaintiff
offered in evidence the said mortgage executed by Ira W.
Stott, accompanied with proof of its execution, registration,
and assignment to himself. Said mortgage was dated the
26th April, 1872; purported to be given in consideration of
necessary provisions and supplies furnished to said Ira W.
Stott by said J. R. Stott & Co. to enable him to make a
crop during the year 1872, and to be intended to operate as
a statutory mortgage or lien for advances to make a crop;
conveyed a tract of land, two mules, and the entire crop
raised on the land during the year 1872, as security for the
delivery of five bales of cotton by the 1st December, and
contained a power of sale if default should be made in the
delivery of the cotton. The plaintiff proved, also, that in
December, 1872, he sent to the land on which said Ira W.
Stott resided, and took one of the mules under the mortgage,
said Ira W. Stott having died, and that the defendant took
possession of the other one about the same time, and had
possession at the commencement of the suit; and that the
use of the mule during that time was worth about $25. J.
M. Anderson, a witness for plaintiff, testified that he, as plain-
tiff's agent, called on defendant about the 1st December,
1872, and demanded the mule under said mortgage; "that
the defendant stated, in reply, that he could have the mule,
as he himself would have nothing to do with it; that defend-
ant did not say that he had any claim to the mule, but that
he had loaned it out, and would let witness have it as soon
as it was returned. Said witness further testified, that he
called on defendant for the mule, once or twice, a short time
afterwards; that defendant set up no claim to the mule on
either occasion, but said that it had not yet been returned,
and that witness could get it as soon as it was returned."
The plaintiff's attorney also testified, as a witness for the
plaintiff, that he called on the defendant in April, 1873, "and
demanded the mule, and asked by what right or title he
claimed the mule; that the defendant refused to give up the
mule, and told witness to 'go ahead'—'that he would show

[Cunningham v. Milner.]

him at the trial,' or 'would show him a trick when it became necessary,' witness was not certain which."

The plaintiff having closed, the defendant offered to prove by J. R. Stott, one of the members of the firm of J. R. Stott & Co., that said mortgage was not intended to secure a debt which said Ira W. Stott already owed them for advances made during the year 1871, but for future advances to be made during the year 1872, which were in fact never made. The plaintiff objected to the admission of this evidence, on the ground that it contradicted the recitals of the mortgage itself; and he reserved an exception to the overruling of his objection.   The defendant claimed the mule under a mortgage for advances made by said Ira W. Stott to D. P. Larkin, dated the 3d April, 1871, and assigned to the defendant for valuable consideration.   The mule conveyed by this mortgage was described as a "bay mule," while that sued for was described in the complaint as a "dark colored mule," and that description was also contained in the plaintiff's mortgage.   The plaintiff objected to the introduction of the defendant's mortgage, on account of this difference of description, and also "because defendant was estopped by his acts and declarations in not setting up his title before this time." The court overruled said objections, and allowed the mortgage to be read in evidence by the defendant; to which the plaintiff excepted.   "The defendant then proposed to prove, by himself, that the mule described in his mortgage was the same mule now in his possession, which plaintiff was claiming in this suit, and was a bay mule;" to which evidence the plaintiff objected, on the ground that it was not permissible by parol to change the description contained in the mortgage; and he reserved an exception to the admission of the evidence.

The plaintiff asked the court, in writing, to charge the jury as follows: "That if the plaintiff made a demand of the property from the defendant, and the defendant refused to deliver up the property, and refused to state the ground of his claim, then he can not show in defense that he had a lien on the property."   The court refused to give this charge, and the plaintiff excepted to its refusal.

All the rulings of the court to which, as above stated, exceptions were reserved by the plaintiff, are now assigned as error.

W. A. DUKE, for appellant.

HERBERT & BUELL, contra.

BRICKELL, C. J.—The objection to the evidence offered by the appellee, to show the want of consideration of the mortgage under which the appellant claimed title, or that the real consideration was variant from that expressed, was not well taken. The appellee was not a party to the mortgage, and had no agency in its execution; and he is not blamable if it speaks falsely, or fails to speak the whole truth. The rule on which appellee relies, that parol evidence shall not be received to contradict or vary the terms of a written instrument, applies only in controversies between the parties to such instruments, or their privies.—1 Green. Ev. § 279; *Venable v. Thompson*, 11 Ala. 147. Nor can we see that the evidence offered by appellee, to identify the mule for which suit was brought, as the mule conveyed by the mortgage to him, was objectionable.

The charge requested was properly refused. The failure or refusal of the appellee to disclose the existence of a claim to the mule, when it was demanded of him, may have been a fact of some importance, in determining whether the claim asserted was fair and just, or was fictitious. It could not, as the charge affirmed, estop him from interposing it in defense of the suit.

The judgment is affirmed.