# Electric Lighting Company of Mobile v. Rust.
# and
# Rust v. Electric Lighting Company of Mobile.

*Suit to Recover a Reasonable Compensation for the Use of Property Wrongfully Detained.*

1. *Evidence; exclusion of deposition because of evasive and insufficient answers.*—Where the answers of a witness to cross-interrogatories, taken by deposition, are evasive and insufficient, the entire deposition should be suppressed on motion.
2. *Damages for wrongful detention of property; when they arise.* Where the original possession of property is under a contract and rightful, damages for wrongful detention arises only after demand made and a refusal to deliver.

APPEAL from Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

This case was before the Supreme Court at the November term, 1899, having been appealed from the chancery

court of Mobile, where Lewis H. Rust had brought his
bill to compel the Electric Lighting Company to deliver
to him certain generators and switch boards described
in the bill, and to have the legal title thereto declared
to be in complainant.

The facts were these: The Mobile & Spring Hill
Railway Company executed to the Mercantile Trust
Company a mortgage or deed of trust of all property of
the mortgagor in its possession, and also all thereafter
to be acquired pertaining to construction, maintenance
and operation of said road. The Electric Lightng Com-
pany entered into an agreement with the railroad com-
pany to furnish said company with electric power. To
carry out this agreement the railroad company obtain-
ed two five hundred volt generators and placed them
with the electric light company. The person selling
these generators to the company retained the title to
secure the payment of the purchase money; but this
money was paid after the lighting company purchased
the property as hereinafter stated.

The electric lighting company obtained judgment
against the railroad company, and had the generators
sold under execution thereon issued, and became the
purchasers at the sale. Afterwards, the Mercantile
Trust Company brought suit in the circuit court of
the United States to foreclose the mortgage. Decree
was obtained, and the two generators sold with the
other property of the company. Rust became the pur-
chaser, and sued for the possession and to settle the
title. The bill was dismissed, but on appeal the Su-
preme Court decided that the respondent held the
property in trust, and an order was made directing the
respondent to deliver the same to the complainant.

It was further ordered that the complainant recover
of the respondent a reasonable value of the use of the
property during the time of detention by the respond-
ent.

Under this decree a reference was had and the regis-
ter's report made, which contained an award of com-
pensation for the detention. To this report the appel-
lant filed exceptions on the grounds, among other

things, that the register failed to sustain respondent's objection to Corbett's deposition, and that the amount allowed for the reasonable use of the property detained was excessive, all of which the chancellor overruled, except those to the finding of the register being excessive as to the reasonable value of the use of the property detained. Without further reference, he proceeded to ascertain and decree a smaller amount than that reported by the register.

This action of the chancellor is assigned as error, on which a cross appeal is filed.

The register's report did not show that he went into the determination of the question as to the date of the beginning of the wrongful detention, and when damages should arise. The decree allowed compensation from May 6th, 1896, which was the date of the sale of the property of the Mobile & Spring Hill Railroad Company under the foreclosure proceedings had in the United States circuit court. There is no evidence to show that any demand was made on appellant by appellee before suit was filed in this cause, on June 30th, 1897.

At the reference, the complainant offered the deposition of R. B. Corbett. The direct interrogatories were full, intending to show the reasonable rental value of the generators and switch boards during the period of detention by respondent. To these interrogatories the witness answered, in substance, that his occupation was that of an electrical engineer; that he had been engaged in the occupation of an electrical engineer for about eight years; that he was at that time connected with Thompson, Son & Co., as electrical engineer, manager and so on; that his firm was engaged in the business of buying and selling electrical appliances, railroad equipments, and second hand machinery; that he had been with Thompson, Son & Co. four years; that his knowledge concerning renting and selling electrical machinery was extensive; that he was familiar with the type of machines in question; and that he was familiar with the selling and renting of such machines. Witness then

testified as to the reasonable rental values of the machines detained.

The first cross-interrogatory was as follows: "To what person, or persons, corporations or firms, have you ever rented generators and switch boards of the same kind as those described in the second direct interrogatory? Give the names and places of business, or the location of each of said persons, corporations or firms, respectively, and also the dates respectively when you made such rentings, and the length of time for which you made such rentings, respectively. To what person or persons, corporations or firms, has the firm of Thompson, Son & Co., or any other firms or corporations with which you have been connected, ever rented generators and switch boards of the same kind as those described in the second interrogatory? Give the names or places of business, or the locations, of each of such person or persons, corporations or firms, respectively, and also the dates, respectively, when they made such rentings, and the length of time for which they made such rentings, respectively."

Answer to first cross interrogatory: "During my employment with Thompson, Son & Co. they never rented generators or switch boards to anybody; we sell them outright."

The second cross-interrogatory was as follows: "State what was the type of the generators and switch boards so rented by you, or by such other firms or corporations in each case, respectively. State, also, the horse power of each of said generators, respectively. State, also, the form, respectively, of the switch boards. State, also, the names of the respective makers of such generators and switch boards."

Answer to second cross-interrogatory: "We have never rented any generators or switch boards."

The third cross-interrogatory was as follows: "State also the respective values of each of said generators and switch boards, respectively. State also the respective amounts of rental derived in each case from such generators and switch boards, respectively."

Answer to third cross-interrogatory: "We have never received any rentals for such generators or switch boards, because we never rented any."

The defendant moved to suppress this deposition, on the ground that the answers to the cross-interrogatories were evasive and insufficient; his motion was sustained. On complainant's appeal to the chancellor, the register's action was overruled.

A decree was rendered for complainant; defendant appeals, and assigns as error the chancellor's ruling and the rendition of the decree.

FREDERICK G. BROMBERG and BESTOR & GRAY, for appellant. The value of the use of the property is the price it will command in the market.—28 Enc. Law, (1st ed.), 46; *Bullard v. Stone*, 8 Pac. 18.

Where a deposition contains insufficient and evasive answers, it should be suppressed on motion.—1 Dan. Ch. Pr. (6th ed.), 946, note 1; *Winthrop v. Union I. Co.*, 30 Fed. Cas. 17,901, H. N. 4; *Dodge v. Israel*, 7 Fed. Cas. 3,952; Gresly Eq. Ev., 225; *Harris v. Miller*, 30 Ala. 221.

The date of detention was improperly fixed. Rule 89, Code, p. 1221; *Mahone v. Williams*, 39 Ala. 202, 224; *Rice & Wilson v. Tobias*, 83 Ala. 348, 350.

GREGORY L. & H. T. SMITH, *contra*.—No demand was necessary to terminate the bailment.—*Admr. v. Layes*, 24 Ala. 188; 3 Am & Eng. Ency. Law, (2d ed.), 760; *Cullen v. Lord*, 39 Ia. 332; *Rider v. Union Rubber Co.*, 28 N. Y. 379; 18 N. Y. 85.

The fact that there is no market for the rental of property constitutes no reason why the owner should lose and the wrongful detainer gain the value of the use of the property.—*N. Y. and Colo. Syndicate Co. v. Fraser*, 130 U. S. 611; *Brownell v. Chapman*, 35 Am. St. R. 326.

DOWDELL, J.—The appeal and cross-appeal in this case are taken from the decree of the chancellor rendered on the report of the register. The report of the

register was made on a reference held under the decree
of this court rendered on a former appeal in this case
—December 23, 1899, wherein it was decreed as follows,
viz.: "It is further ordered, adjudged and decreed that
the complainant have and recover of the Electric Light-
ing Company the reasonable value of the use of said
property during the time of detention by the Electric
Lighting Company, and the register of the chancery
court of Mobile is hereby directed to hold a reference
and ascertain the reasonable value of the use of said
property during the time of its detention by said Elec-
tric Lighting Company, and report his findings to the
next term of the chancery court of Mobile county."
To the report of the register made under this decree the
appellant here—respondent in the court below—filed
exceptions. The complainant did not except. The
chancellor overruled all of the respondent's exceptions,
save those as to the finding of the register being exces-
sive as to the reasonable value of the use of the gene-
rators and switch boards. These exceptions he sus-
tained, and without further reference, proceeded to as-
certain and did ascertain and decree a smaller sum than
that reported by the register, and this action of the
chancellor constitutes the ground of the cross-appeal,
and is the sole error assigned by the cross-appellant.
As the view which we take of the case will compel a re-
versal of the decree and a reference to the register, we
deem it unnecessary to discuss the assignment of error
on the cross-appeal.

The first assignment of error on the original appeal
that we will consider, goes to the ruling of the chan-
cellor on the appeal taken by the complainant from the
action of the register in suppressing the deposition of
the complainant's witness Corbett at the hearing on the
reference. The deposition of this witness was taken
under the statute on direct and cross-interrogatories
filed for that purpose. The evidence sought by the com-
plainant in the testimony of this witness was pertinent
and material—that was to show by the witness the
reasonable rental value of the generators and switch-
boards during the period of detention of the same by

the respondent. To this end the direct interrogatories
were full, calling for the witness' knowledge of rental
values predicated upon a familiarity with the business
of renting generators and switch boards. The cross-in-
terrogatories were intended to meet the testimony
sought by the questions, and to ascertain the extent of
the witness' knowledge of values and how obtained,
authorizing and qualifying him to testify to such values.
This was the defendant's right, and a right that he
should not be deprived of by a failure of the witness to
answer without a sufficient reason, or by an evasive
answer. The purpose and value of a cross-examination
in determining the weight to be accorded to the testi-
mony of a witness, as well as in testing his sincerity
and sifting his conscience, would be lost, if he should
be permitted to ignore proper questions, or make evas-
ive answers. In this case the testimony having been
taken on interrogatories, the proper manner of object-
tion for a failure of the witness to answer the cross-in-
terrogatories, was by a motion to suppress the entire
deposition before entering on the trial, and this was
done here. The register sustained this motion, but the
chancellor on an appeal reversed this ruling. In this
action we think the chancellor was in error. The answers
of the witness to the direct interrogatories clearly dem-
onstrate the evasiveness of his replies to the cross-in-
terrogatories. He shows by his answers to the direct
interrogatories an experience and familiarity in the
business of renting generators and switch boards of
eight years, he says that this business experience has
been extensive, and based upon this knowledge and fa-
miliarity in the business he testifies as to reasonable
rental values. The only answer made by this witness
to the first cross-interrogatory, which called for particu-
lar instances of renting within the witness' knowledge,
was as follows: "During my employment with Thomp-
son, Son & Company they have never rented generators
or switch boards to any one; we sell them outright."
This witness testifies on direct examination that he has
been in the employment of Thompson, Son & Company

for the past four years, but he also testifies that his
familiarity with the business of renting generators and
switch boards extends back eight years, covering a per-
iod of four years anterior to his connection with said
mentioned firm or company. To the second cross-in-
terrogatory directed to an end similar to the first, his
only answer is: "We have never rented any generators
or switch boards." Evidently referring when he says
we, to Thompson Son & Company, and covering the
period of his connection with the company. To the
third cross, he answers as follows: "We have never re-
ceived any rentals for such generators or switch boards
because we never rented any." It requires no argument
to demonstrate that these answers are evasive. He
makes no reference to any portion of the eight years in
which he claims to have had great familiarity and an
extensive acquaintance in the business of renting gene-
rators, but to the four years in connection with Thomp-
son Son & Company, and in this it seems that he had
no experience in renting whatever. If the deposition
were permitted to stand, the complainant might legiti-
mately argue that the witness' familiarity and extensive
acquaintance in the business of renting generators, etc.
was referrable to the four years when he was not con-
nected with Thompson Son & Company. Nor are these
cross-interrogatories substantially answered in any
other part of the deposition. The entire deposition
should have been suppressed on defendant's motion.
*Harris v. Miller*, 30 Ala. 221.

When this cause was before this court on a former
appeal (124 Ala. 202), the decision of this court was,
that relation between the complainant and respondent
as to the property in question was contractual. It was
then adjudged that the respondent held the property in
trust and an order was made directing the respondent
to deliver the same to the complainant. The original
possession of the respondent of the property was under
a contract and rightful. Such being the case, damages
for detention could only arise after demand made and a
refusal to deliver. In the present case there is no evi-
dence of any demand prior to the institution of the suit.

In the absence of evidence of any demand prior to suit damages can only be estimated from the latter date. The decree of reference directed the ascertainment of the reasonable value of the use of the property during the period of detention. The reasonable value of the use, may be determined by what the property would reasonably rent for during the period of detention—the rental value in the market, or what is usual and customary. And generally this rule is adopted where the property has a rental value, though there may be other ways of showing the reasonable value of the use, especially where it is shown that the property wrongfully detained has no market or customary rental value. But in either event, the burden of proof is on the party claiming damages for detention, to prove such damages.

Under the views above expressed, in reversing the decree of the chancery court on the original appeal, the holding of another reference will be ordered, and in addition to the directions contained in the former order, the register will be required to also ascertain and report the alternate value of such of the property as the respondent may for any cause fail to deliver up. What we have said will be sufficient in holding the next reference.

As the view which we have taken and expressed in the foregoing opinion opens up the case under the order of reference, the cross-appellant can take nothing by his appeal.

Reversed and remanded.