(82 South. 642)

HALLMAN v. DOTHAN FOUNDRY & MA-
CHINE CO. . (4 Div. 592.)

(Court of Appeals of Alabama.  June 30, 1919.)

ACCESSION ☞1—AUTOMOBILE AND FORM-A-
TRUCK ATTACHMENT.

Attachment, by bolt and nuts merely, of a
Form-a-Truck attachment to a mortgaged Ford
chassis *held* not to cause it to lose its identity
so as to place title to the attachment in such
mortgagee against purchase-money mortgagee
of attachment.

Appeal from Circuit Court, Houston Coun-
ty; H. A. Pearce, Judge.

Action in detinue by the Dothan Foundry
& Machine Company against L. B. Hallman,
for the recovery of personal property in
specie.  From a judgment for plaintiff, de-
fendant appeals.  Affirmed.

Ernest H. Hill, of Dothan, and Emmett S.
Thigpen, of Brewton, for appellant.
Benjamin F. Reid, of Dothan, for appellee.

SAMFORD, J.  The plaintiff relied for re-
covery upon a mortgage properly executed
by one J. W. Wilson and duly recorded on
September 6, 1917.  This mortgage described
one Ford motor and frame with "a Smith-
Form-a-Truck attachment attached, the at-
tachment this day delivered to him." About
the 1st of September, Wilson, the mortgagor,
purchased of the plaintiff a Smith Form-a-
Truck attachment, complete, to be attached
to a Ford chassis which he brought to the
plaintiff's place of business.  Wilson did not
pay for the Form-a-Truck attachment, but
executed the mortgage, hereinabove referred
to, to secure the purchase price.  The Ford
chassis brought to the plaintiff consisted of a
frame, wheels, gear, and motor; the Form-
a-Truck attachment consisted of main truck,
springs, rear wheels, and axle, chains, sprock-
et, differential, and differential housing.  To
attach the Form-a-Truck attachment to the
Ford chassis, it became necessary to take off
the rear wheels of the Ford chassis, the rear
axle, and the back springs, shove the frame
of the Form-a-Truck up to the frame of the
Ford chassis, then bolt it in front on the left
with three bolts, on the right with two bolts
and the rear with two bolts.  The plaintiff
furnished the differential and the axle hous-
ing, and connected it up with the Ford drive
shaft, put the springs on the axle shafting,
put the chains on the truck, and it was then
ready to go.  The bolts used were ordinary
bolts with nuts screwed on, which could be
readily removed by unscrewing the nuts and
removing the bolts, which detached the Form-
a-Truck attachment from the Ford frame.
Everything removed from the Ford chassis
preparatory to attaching the truck was car-
ried off by Wilson.  The sale price of the

Form-a-Truck attachment complete was $375,
and there was a balance due on the purchase
price of $275.  It was shown that the reason-
able and fair market value of the Form-a-
Truck attachment at the time of the trial
was $275.  It was also shown that the Form-
a-Truck attachment described in the com-
plaint and seized by the sheriff was the same
one sold by plaintiff to Wilson and described
in the mortgage introduced in evidence by
the plaintiff, and before the bringing of the
suit plaintiff notified the defendant that the
truck was the property of the plaintiff, and
demanded the same, the defendant refusing
to deliver possession.  It was further shown
that at the time of the sale of the truck, and
the taking of the mortgage to secure the
price, plaintiff did not know that there was
a mortgage against the Ford chassis.

The defendant offered in evidence a mort-
gage executed by the same mortgagor on Au-
gust 1, 1916, to T. W. Harris, conveying one
Ford runabout automobile.  This mortgage
was duly recorded.  It was admitted by the
parties that the Ford chassis taken to plain-
tiff by Wilson was covered by the mortgage
introduced by the defendant, but that the
Form-a-Truck attachment was attached aft-
er the execution of the mortgage.  It was
further shown that the mortgage to Harris
was unpaid, and that Harris took possession
of the Ford chassis with the truck attach-
ment attached thereto, claiming it under his
said mortgage, and before the bringing of
this suit by the plaintiff the defendant pur-
chased it from the mortgagee Harris.  The
defendant admitted possession of the proper-
ty at the time of the bringing of the suit.

The one assignment of error in this case
is the action of the court in giving the gen-
eral charge for the plaintiff, and that turns
upon the question whether the attachment
of the Smith Form-a-Truck attachment to
the Ford chassis caused it to lose its identity
in such sort as to place the title in the de-
fendant.

The law of accession in this country is not
altogether clear, but this much may be said
to be reasonably certain:  When property
can be easily distinguished and separated,
no change of property takes place, provided
the separation can be made without injury to
the thing attached.  Alley v. Adams, 44 Ala.
609.

In the single adjudicated case which we
have been able to find in which the rule is un-
dertaken to be stated, in a case similar to the
one at bar, the court said, in substance (and
without citation of authority), that the ordi-
nary repairs upon a personal chattel, such as
new bolts, nuts, thills, and the like, became
accretions to, and merge in, the principal
thing, and become the property of the gener-
al owner.  But wheels and axles constitute
the running part of a wagon.  They could be

followed, identified, severed without detriment to the wagon, and appropriated to other use without loss. Clark v. Wells, 45 Vt. 4, 12 Am. Rep. 187.

In the case just above cited, the property involved was the axle and wheels of a wagon, which we think is not unlike the proposition here involved, and, following that case, we hold that the Form-a-Truck attachment did not become the property of the defendant, and therefore the plaintiff was entitled to a verdict under the undisputed evidence. It follows, therefore, that the court did not commit error in giving the general charge for the plaintiff as requested.

Affirmed.