(86 South. 379)

## DAVIS v. REID LUMBER CO. (2 Div. 724.)

(Supreme Court of Alabama. Oct. 14, 1920.)

**1. Detinue** ☞7—**Special demand necessary to recover for use prior to service of writ when original possession lawful.**

When the plaintiff in detinue attempts to recover for the use or hire of property for a period anterior to the service of the writ, defendant's original possession being rightful, a special demand is necessary.

**2. Detinue** ☞17 — **Necessity of special demand cannot be raised by demurrer to count in Code form.**

The necessity of a special demand to entitle plaintiff in detinue to recover for the use or hire of the property for a period prior to the service of the writ should be raised by objections and charges, and not by demurrer to a count in Code form.

**3. Set-off and counterclaim** ☞59—**Judgment for defendant mortgagor for excess not permitted in detinue.**

Code 1907, § 3791, authorizing defenses in detinue by a mortgagee which might have been pleaded in an action on the debt, does not permit a judgment over for the excess under a plea of set-off.

**4. Appeal and error** ☞1042(5)—**Striking demand for judgment over on set-off harmless where jury found no excess.**

The striking from defendant's plea of set-off of so much as sought a judgment over cannot be complained of, where the jury found that the offset did not exceed plaintiff's debt or demand.

**5. Evidence** ☞414—**Correct date of note incorrectly dated may be shown.**

Testimony that the date of one of a number of notes involved in an action was not correct and to prove the correct date was admissible.

**6. Chattel mortgages** ☞172(5) — **Rebate on lumber shipment by mortgagor as payment improperly allowed under evidence.**

In detinue by a mortgagee involving the correctness of deductions or rebates on lumber shipped by the mortgagor as payments on the mortgage, a rebate was improperly allowed, where the witness concerning it did not know whether the rebate was proper or not, but made it upon the mere ex parte demand of third persons without defendant's consent.

**7. Appeal and error** ☞1140(3)—**Reversal for error in particular item not required where remittitur consented to.**

In detinue by a mortgagee involving rebates on lumber shipped as payment, the erroneous allowance of a particular item of rebate does not require a reversal where plaintiff consents to a remittitur.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Detinue by the Reid Lumber Company against C. M. Davis. Judgment for plaintiff, and the defendant appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Corrected and affirmed.

Action was in Code form for certain appurtenance connected with the sawmilling outfit. Complaint was filed October 9, 1917, and claimed damages for the value of the hire and use of said machinery from October 8, 1917. The defendant pleaded not guilty and set up the amount due under the mortgage debt, at the same time denying that there was any balance due; also pleaded an account between plaintiff and defendant which he offered to set off against the demand of the plaintiff and claims judgment for the excess.

The litigated issue was really the amount due under the mortgage and a series of notes maturing monthly, to secure which the mortgage was given. The payments were made in money and in shipments of lumber made by the defendant to the plaintiff, or to other persons on order from the plaintiff, and involved shortage and quality as to rebates which should be charged against the defendant on the various shipments.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Robison Brown, of Tuscaloosa, for appellant.

There was no pretense that the original possession was wrongful, and there should have been a demand for possession and a refusal before suit filed, especially as to claim for damages to the filing of suit. 131 Ala. 484, 31 South. 486; 5 Mayfield, 288; 6 Mayfield, 266; 7 Mayfield, 247. The court erred in striking that part of the plea of set-off asking judgment for the excess. 14 Ala. App. 623, 71 South. 618; 185 Ala. 533, 64 South. 567; 172 Ala. 117, 55 South. 311; 163 Ala. 408, 50 South. 1032; section 3791, Code 1907. All hearsay reports of transactions, whether verbal or written, given by persons not produced as witnesses, should be rejected. 5 Mayf. 409 et seq.; 6 Mayf. 352; Hughes on Evidence, 51. Parol evidence is not admissible to vary or contradict the terms of a written instrument. 56 Ala. 522; 203 Ala. 14, 81 South. 682.

Thomas E. Knight, of Greensborough, for appellee.

Special demand was not necessary. 146 Ala. 229, 40 South. 940. Set-off is available in detinue only to the extent of defeating plaintiff's title. 144 Ala. 383, 39 South. 716. The date of the execution and delivery of the note may be shown by parol evidence. 203 Ala. 564, 84 South. 299.

ANDERSON, C. J. [1, 2] The complaint was under Code form and was not subject to defendant's demurrer. It is true that, when the plaintiff attempts to recover in detinue for the use or hire of property for a period anterior to the service of the writ, the original possession by the defendant being rightful, a special demand is necessary. Rust v. Electric Co., 131 Ala. 484, 31 South. 486. But this question should be raised by objections and charges and not by demurrer to a count which is in Code form. Daniel v. Jordan, 146 Ala. 230, 40 South. 940. Moreover, the complaint in the instant case only sought damages for the detention from the bringing of the suit.

[3, 4] The trial court did not err in striking from the defendant's plea of set-off so much thereof as sought a judgment over. This was an action of detinue, and, upon the statutory suggestion as to the ascertainment of the amount of plaintiff's debt or demand, the defendant may set up any matter, other than the statute of limitations, that he might have pleaded, had the action been on the debt. Section 3791 of the Code of 1907. This statute, however, authorizes this only to defeat the action of detinue or the fixation of the amount owing from the defendant, and does not contemplate or permit a judgment over for the excess. McDaniel v. Sullivan, 144 Ala. 583, 39 South. 355. Moreover, if this were not the case, the appellant cannot complain in the present instance for the reason that the jury found that the offset did not exceed the plaintiff's debt or demand.

[5] The trial court did not err in permitting the witness Reid to testify that the notes were all given at the same time, that is, to show that the date of one of them was not correct and to prove the correct date of same. Burns v. Moore, 76 Ala. 339, 52 Am. Rep. 332; Miller v. Hampton, 37 Ala. 342; Robbins v. Webb, 68 Ala. 393; Elyton Co. v. Hood, 121 Ala. 378, 25 South. 745; Corley v. Vizard, 203 Ala. 564, 84 South. 299.

The case of Formby v. Williams, 203 Ala. 14, 81 South. 682, dealt with an effort to change by parol the maturity or law day of a mortgage. Nor does the case of Cuningham v. Milner, 56 Ala. 522, relate to parol proof as to the true date of a note or deed.

[6, 7] The controverted question in this case was the balance due upon the notes and mortgage, or rather the correctness of certain deductions or rebates upon various shipments of lumber as for shortage in quantity or deterioration in grade or quality. As to all of said items, except check for $46.31, there was sufficient legal evidence from which the jury could have inferred that the defendant, with full knowledge, acquiesced in or ratified the same. As to the rebate check to Wynne Bros. of $46.31, the witness Reid did not know whether it was proper or not, and made it upon the mere ex parte statement or demand of Wynne Bros. and without conferring with the defendant or procuring from him a consent or acquiescence as to said rebate. In other words, there was no proper legal evidence establishing the deficiency for which the rebate was made or contradicting the defendant's evidence as to the shipment involved; and this item, or the evidence attempting to establish the same, should have been excluded by the trial court. This, however, is the only error we find which could justify a reversal of this case, and said item is so separable and distinct from the others that it can be now excluded without changing the result to the prejudice of the defendant, and, as counsel for appellee in his brief consents to the remittitur in case this court should find the item improper, the judgment for the plaintiff is affirmed; but the amount as ascertained by the jury to be due the plaintiff upon the notes and mortgage will be corrected and a deduction therefrom of $46.31, with interest since May 19, 1916, is hereby directed, and the appellee will be taxed with the cost of this appeal. See Acts 1915, p. 610. The judgment of the lower court is corrected and affirmed.

Corrected and affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.