325 So.2d 562

**FORD MOTOR CREDIT COMPANY,
a corporation**

v.

**HOWELL BROTHERS TRUCK AND AUTO
REPAIR INC., et al.**

Civ. 623.

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

E. Graham Gibbons, Mobile, for appellees.

Howell & Roebuck, Mobile, for appellant.

WRIGHT, Presiding Judge.

This was an action in detinue for the recovery of a 1972 Ford diesel truck. Plaintiff appeals.

On May 26, 1972, John W. Faircloth purchased the vehicle in question from Treadwell Ford, Inc., of Mobile. Treadwell retained and properly perfected a security interest in the vehicle to secure the balance of payments due on the truck. The note and security interest were later transferred to plaintiff.

Some time thereafter Faircloth apparently sold the vehicle to a Troy Jones. In August of 1974, at Jones' direction, the truck was brought to defendants' place of business for repairs. Defendants found the original engine to be "burnt up" and, with Jones' approval, installed a rebuilt engine in the truck. The total bill for the work was approximately $4,300.00, of which Jones paid $2,000.00. Defendants did not retain a security interest in the engine.

Defendants released possession of the truck to Jones. He returned it eight days later with a damaged rear end, the result of an accident. One of the defendants testified that Jones informed him that he could not pay the remainder on the engine. Defendants removed the engine from the truck.

There is a conflict as to when the rebuilt engine was removed. Defendants contend it was removed prior to any contact with plaintiff. Two of plaintiff's employees said that the engine was intact when they first visited the garage and sought possession of the truck. The engine had been removed when the sheriff seized the truck after suit.

Plaintiff then sought and the court issued an order requiring the defendants to show cause why they should not be ordered to deliver and re-install the rebuilt engine, deliver the rebuilt engine and pay the cost of installation or pay plaintiff the diminished value of the truck. In the meantime, default was entered against defendants in the detinue action. After hearing, the court entered judgment for the truck and the return of the original burned-out engine, but denied all further claims for relief.

Plaintiff appeals from this order, contending that under the applicable provisions of the Alabama mechanic's lien statute and the Uniform Commercial Code defendants had no right to the rebuilt engine and the same should have been granted to plaintiff together with cost of re-installation.

As previously stated, plaintiff held a properly perfected security interest in the vehicle. Under UCC § 9–310 (Title 7A, Section 9–310, Code of Alabama, (1940)) certain liens take priority over a perfected security interest, as long as the statute creating such a lien does not provide otherwise.

■ Alabama's mechanic's lien statute, Title 33, Section 25, Code of Alabama (1940), was amended in 1965 to expressly subordinate the lien to a perfected security interest, unless the secured party authorized the repairs. *Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc.,* 50 Ala.App. 15, 276 So.2d 602. One of the defendants testified that no contact was made with plaintiff until long after the work was done. Therefore, there can be no question of authorization.

■■ Further, defendant may not claim priority as to the engine based on a common law mechanic's lien, as they had relinquished possession of the vehicle to Jones prior to the accident which caused its return to their shop. The common law mechanic's lien is waived by a release of the property. *Alexander v. Mobile Auto Co.,* 200 Ala. 586, 76 So. 944.

It is to be seen that defendants had neither a common law or statutory mechanic's lien on the vehicle. Defendants therefore rely on the premise that truck engines are interchangeable and, as such, this engine did not become a part of the vehicle. Both parties cite *Hallman v. Dothan Foundry & Machine Co.,* 17 Ala.App. 152, 82 So. 642, a case involving a "Form A Truck" body installed on a mortgaged Ford automobile. The court there said that the body could be followed, identified and severed without detriment to the car. Therefore, it did not

become a part of the car and subject to the prior mortgage.

However, the court there relied on a Vermont case, *Clark v. Wells,* 45 Vt. 4, 12 Am.Rep. 187, which said that ordinary repairs on a chattel become accretions to, and merge into, the principal thing. Prior to the Uniform Commercial Code the question of exactly what repairs, modifications or substitutions on chattels would constitute an accession generated divergent views in the several jurisdictions. See Annotation, 43 A.L.R.2d 813.

■ Section 9–314 of the UCC specifically deals with accessions to goods subject to a security interest. Section 9–314(1) provides a method whereby repairmen may protect their interests in goods such as the engine in question. This may be done by taking a security interest in the goods which attaches prior to the time the goods are installed in the whole. Had defendants taken a security interest prior to installation their claim to the engine would have been superior to that of plaintiff. In such a situation removal of the engine would have been proper under Section 9–314(4). Having failed to follow such procedure defendants were not entitled to the protection afforded by Section 9–314(1).

Having determined that defendants were not entitled to retake the engine, either under a common law or statutory mechanic's lien or the UCC, we examine the trial court's final order. In its order the court directed defendants to return the original engine and all parts associated with it to plaintiff. This was error.

■ Plaintiff's action was in statutory detinue. In such an action it was entitled to recover the vehicle and component parts, together with damages for detention. Title 7, Sections 918, 921, Code of Alabama (1940). Where a defendant's possession is lawful, damages for detention may be recovered only after remand. *Davis v. Reid Lumber Co.,* 204 Ala. 517, 86 So. 379; *Electric Lighting Company of Mobile v. Rust,* 131 Ala. 484, 31 So. 486. However, where the defendant's possession of the property is wrongful, a demand is not necessary to recover damages for detention. *Hodges v. Kyle,* 9 Ala.App. 449, 63 So. 761; *Chappell et al. v. Falkner,* 11 Ala. App. 382, 66 So. 890. Possession of the truck by defendants was not initially wrongful.

■ Plaintiff held a properly perfected security interest in the truck which attached to the rebuilt engine when it was installed. Defendants had no right, under either a mechanic's lien or Section 9–314 of the UCC, to remove the engine from the vehicle. Their removal of the engine, not for repairs but for collection of a debt, was therefore a wrongful conversion insofar as the plaintiff is concerned. However, plaintiff's action was not for conversion but for recovery of property in specie, its alternate value and damages for detention.

■ Damages for detention may include deterioration in value occasioned through neglect, abuse or non-use. *Louisville & N.R. Co. v. James,* 204 Ala. 604, 86 So. 906; *Wortham v. Gurley,* 75 Ala. 356. Removal of a truck's engine would logically constitute abuse. If defendants removed the engine after demand of possession by plaintiffs, the damage resulting to the property by such removal would be recoverable for detention in an action in detinue.

The judgment of the circuit court awarding the truck and the burned-out original engine was error. Plaintiff is legally due the truck with all the component parts possessed by defendants at time of suit, including the engine installed by defendants together with its component parts. This is the engine to which plaintiff's security interest attached when it was installed by defendants. This is the engine which defendants had no right to remove even though it was not fully paid for. We consider it necessary to remand to the trial court for its determination of the time of the removal of the engine by defendants.

If such removal occurred after demand of possession by plaintiff, plaintiff is due to recover damages to the truck resulting from such removal. Such damages to be determined by the court as the evidence requires.

Reversed and remanded with directions.

BRADLEY and HOLMES, JJ., concur.