This is an appeal by the Department of Revenue from a decree setting aside an assessment against appellee taxpayer.
This case originated out of appeals by the taxpayer, Communication Equipment Contracting Company, Inc., pursuant to Title 51, Section 140, Code of Alabama 1940, Recompiled 1958, from final assessments entered by the Department of Revenue, State of Alabama, on November 19, 1975, for State and City of Union Springs sales taxes covering the period June 1, 1972 through May 31, 1975, in the amounts, respectively, of $85,710.10 and $23,230.40. The pleadings consisted of complaints, amendments to complaints, answers, and motions and orders to consolidate.
The consolidated actions were submitted to the Circuit Court of Montgomery County on December 19, 1975, upon oral testimony, documentary evidence, oral argument and briefs.
The facts of the case are as follows:
Taxpayer, a Delaware corporation with its principal place of business in Union *Page 124 
Springs, Alabama, is primarily engaged in repairing telephones for over four hundred independent telephone companies in Alabama and throughout the United States.
Taxpayer sends its trucks to the independent telephone companies to pick up the instruments that need repair, and takes them to its plant in Union Springs where the repair job is performed. There the instruments are disassembled, cleaned and examined, and if there are defective parts, they are replaced. The replacement parts do not loss their identity when installed on the telephones. The instruments are reassembled, tested, packed and returned to the customer in taxpayer's trucks to points outside the State.
Mr. Robert Pirnie, taxpayer's president, testified that the firm maintained insurance and bore the risk of loss or damage on both the parts and the instruments until delivery of the telephones to its customers; and further that the customers had the right to inspect the instruments upon delivery and to reject if not satisfactorily repaired. Mr. Pirnie further testified that the customer always got back the same telephones repaired as it sent in unrepaired. He further stated that the longest time a shipment of unrepaired instruments stayed in his factory to be repaired was a week, and most were returned to the customer in a shorter length of time. Mr. Pirnie later amended this statement to show that from the time the repair of instruments is begun to the time they are carried out to be delivered is never longer than one week. Payment was always due on delivery.
Mr. Pirnie also admitted that some parts of the telephone would have to have wiring disconnected if the telephone were dismantled; but that most parts were attached by screw or bolt.
Mr. Pirnie demonstrated the type of work performed by disassembling a telephone instrument in court, labelling all parts, and reassembling the instrument.
On sales to out-of-state customers where delivery is made to out-of-state locations, taxpayer has not been collecting Alabama sales taxes. The assessment in this case is based on the value of the materials or parts used by taxpayer in rehabilitating or repairing the telephone instruments for such out-of-state customers.
In all such out-of-state repairs, taxpayer makes all pick-ups and deliveries in its own trucks and not by common carrier.
The decree issued on January 5, 1976 held that the sales in question were not consummated, and did not become closed transactions, in the State of Alabama and that no sales tax is due on such sales. It is from this decree in favor of the taxpayer that the Department prosecutes this appeal.
Department presents us with two arguments on appeal. The first states that, upon attachment to the telephones in Alabama, the repair parts become the property of the telephone owners by accession so that the transaction becomes a retail sale subject to the Alabama sales tax.
This argument is based on the premise that accession alone is sufficient to render attachment of the parts a retail sale in Alabama. The validity of this premise is a question we need not decide, for there is ample evidence in the record to uphold the trial court on the basis that no accession occurred.
Authority is to exactly what constitutes an accession is scant. In Hallman v. Dothan Foundry Machine Co., 17 Ala. App. 152,82 So. 642, the general rule was stated that no accession takes place if the joined items of property can be separated without damage.
The evidence below is consistent to the effect that the repair parts attached to the customers' telephones retain their separate identity in the instrument. The in-court disassembly performed by Mr. Pirnie gave the trial court, as trier of fact, ample opportunity *Page 125 
to observe the repair process to determine whether removal of attached parts could be accomplished without damage. The totality of the evidence clearly supports the trial court's finding that there was no accession.
The Department's second argument states that a "constructive delivery" to the customers occurred upon attachment of the part to the telephone at Union Springs, thereby constituting a taxable sale. The case relied on for this proposition is Statev. Mobile Stove Pulley Mfg. Co., 255 Ala. 617, 52 So.2d 693. In that case it was stated that, in general, actual delivery is considered to be of the greatest importance in determining when title passes, but that there may be a constructive delivery if the facts show that such was the intent of the parties. The facts upon which constructive delivery was found in the cited case differ markedly from the facts in the instant case. Among these distinctions is the divergent tendencies of the evidence in the two cases to show agreement as to passage of title and control. In Mobile Stove, supra, the sole witness testified that by agreement of the vendor and vendee the title to certain manufacturing patterns passed to vendee upon payment of the bill therefor, although actual delivery to vendee was never made. Those facts supported a finding of constructive delivery.
In the present case actual out-of-state delivery to customer is contemplated by the agreement. The customer has the right to inspect and reject upon delivery. Taxpayer is obligated to bear expense of delivery, and has the risk of loss until actual delivery is consummated.
Although the repair parts are enclosed in the telephone unit casing owned by customer pending delivery, the evidence consistently shows that the part maintains its identity and is easily removable while the entire telephone unit is in taxpayer's hands. The repair part thus does not pass out of taxpayer's control until actual delivery to customer.
On these facts the trial court will not be put in error for finding that actual delivery determines the taxability of the sale. This occurring out-of-state, the sale is not taxable under the Alabama sales tax statute.
No error being found, the decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.