MERITS
Barnett argues through able counsel that the evidence is such that the trial court erred in awarding to him only $1,500 for the wrongful detention of the drill. He argues that his testimony that the reasonable rental value of the drill was $7,000 per month was undisputed but that he claimed *461 only $4,000 from Wooldridge for each month of its detention and that he should have been compensated at the rate of $4,000 monthly from May 20, 1980 to December 2, 1980, when he was awarded possession of the drill.
After a view of the entire record, the following evidence is that which most readily supports the action of the trial court.
Barnett sold the drill to Johnson in Kentucky in July 1977 for $61,000, with a down payment of $13,000 having been paid to Barnett at that time. They executed a lease-sale contract whereby Johnson was to pay $2,200 monthly for twenty-four months to Barnett, who could repossess it if Johnson was in default as to two consecutive monthly installments. That agreement was never recorded in Alabama.
In early 1979 Johnson placed the drill upon Wooldridge’s farm in Marion County, Alabama, where it was used by Johnson in the strip mining of coal from thirty-nine acres of Wooldridge’s land. Johnson ceased that work in July or August of 1979 and left the drill upon Wooldridge’s property-
Later, Johnson notified Barnett as to the location of the drill. Johnson still owed $18,000 on his indebtedness and, at an undisclosed time, which, however, was undoubtedly after the filing of the detinue action, Johnson and Barnett agreed to permit Barnett to have the drill in lieu of the balance of the purchase price which was still due upon it.
Around May 20, 1980 Barnett went to Wooldridge’s farm, inspected the drill, and found it to be in good condition. Barnett told Wooldridge at that time that he owned the drill and that he had come to get it. That was the first occasion that the parties had ever met, and Wooldridge did not know Barnett “from a man in China.” Wool-dridge asked Barnett for Johnson’s authorization for him to give the drill to Barnett. Wooldridge had never known of anyone but Johnson to claim ownership of the drill, and he thought that it belonged to Johnson. Barnett swore that he was “reasonably sure that he had Johnson’s lease-sale contract with him when he came to get the drill and that he presented that contract to Wooldridge along with his driver’s license as identification. However, Wooldridge testified that Barnett did not say anything at any time about any papers and that Barnett did not show him the Johnson contract or any other indicia of ownership. On that occasion Wooldridge requested a $8,260 “finder’s fee” before Barnett could move the drill.
The parties disagreed totally as to whether any telephone conversations ever occurred between them between May 20, 1980 and the December 1980 trial.
Wooldridge testified that, at the December 1980 pre-seizure hearing Barnett testified that he did not have any papers with him as to the drill on the earlier occasion when he went to Wooldridge’s farm. According to Wooldridge, the first opportunity which was provided to him to see and inspect any of Barnett’s indicia of ownership of the drill was after the filing of the detinue case.
On December 2, 1980 Barnett was authorized to possess the drill, and he was authorized to make the monetary deposit instead of the usual bond on January 9,1981. Barnett took possession of the drill around January 20, 1981.
No issue is raised as to the award of the possession of the drill to Barnett by the final judgment or by any prior 1980 or 1981 judgment.
The contested nonjury trial was before the circuit court, and many of the facts were in dispute. Accordingly, the holding of the trial court must be affirmed unless it was so unsupported by the evidence as to be palpably wrong. Knox v. Moore, 475 So.2d 1199 (Ala.Civ.App.1985). There was a conflict in the evidence as to whether Barnett did anything on May 20, 1980, or at any time prior to the filing of the detinue action in November 1980, to reasonably indicate to Wooldridge that Barnett was entitled to possess the drill, other than his (a stranger’s) bare statement on *462 May 20, 1980 that he owned it and that he had come after it. It was not unreasonable for Wooldridge to ask for Barnett’s authority to obtain the drill and, according to Wooldridge, nothing was presented to him or said to him in that regard. The trial court could have properly concluded that, under the testimony, no adequate demand for its possession had been made by Barnett until the detinue case was filed. On December 2, 1980 Barnett was granted the right to possess the drill pending the final trial. We agree with Wooldridge’s counsel that the trial court could have ascertained from the evidence that Wooldridge wrongfully withheld the drill from Barnett for only a short period of time, from November 13, 1980 until December 2, 1980. Consequently, we cannot find that the evidence did not support an award of $1,500 for the wrongful detention of the drill, or that the award was palpably wrong, or that it constituted an unauthorized compromise judgment. That $1,500 award is affirmed.
Immediately after the December 1980 pre-seizure hearing, Barnett again went to Wooldridge’s farm and inspected the drill. Some vandalism to it had occurred and some parts of the drill had been stolen. The number of vandalized or missing parts and their value were each disputed under the evidence. At the conclusion of the trial the attorney for Wooldridge moved to exclude the evidence as to that aspect of damages. Barnett had claimed only monetary damages for the use or hire of the drill during the detention thereof. It is clear that the motion to exclude was granted by the trial court because Barnett had no particular damage claim in his complaint for any damaged or missing items.
While no specific claim was made in Barnett’s complaint for any particular damage that might have occurred to the drill, damages for detention may include deterioration in value occasioned through neglect, abuse, or nonuse. Ford Motor Credit Co. v. Howell Brothers Truck & Auto Repair, Inc., 57 Ala.App. 46, 325 So.2d 562 (Ala.Civ.App.1975). Under section 6-6-256, Code 1975, a judgment in detinue cases must be for the property sued for, or its alternate value, with damages for its detention regardless of whether a claim for such damages was included in the complaint, provided that the trial court is reasonably satisfied from the evidence that such an award should be made. Balls v. Crump, 256 Ala. 512, 56 So.2d 108 (1952).
We conclude that it was error for the learned trial court to exclude such evidence, and we must reverse and remand this aspect of the case for a determination by the trial court as to whether any award should be made to Barnett on that issue and, if so, the amount thereof.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
MOTION TO DISMISS OVERRULED.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
All the Judges concur.